EDWARD C. ELMS et al., Appellants, v. MUTUAL BENEFIT LIFE INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals. Opinion Filed May 3, 1921.

1. **APPELLATE PRACTICE: Nonsuits: Motion to Set Aside Nonsuit Denied: On Appeal Cause Viewed Most Favorable to Appellant.** On appeal from a judgment denying plaintiffs' motion to set aside a nonsuit, plaintiffs are entitled to have the cause viewed in the light most favorable to them.

2. **INSURANCE: Life Insurance: Policy Provisions: Construction: Forfeitures: Plain Forfeiture Clause Enforcible.** While the law does not favor forfeitures, especially in the case of insurance contracts, yet where the parties plainly by their contract provide for them, and no statutory law intervenes to prohibit them, the courts cannot do otherwise than enforce the contract as written by the parties themselves.

3. **———: ———: ———: ———: Default in Payment of Premiums: Policy Forfeited.** A life insurance policy written before the enactment of the non-forfeiture statutes (Sections 6151, 6152, 6153, R. S. 1919) providing upon failure to pay the premium that "then and in every such case the said company shall not be liable for the payment of the sum insured or any part thereof, but the policy shall cease and determine," plainly and clearly provides for a forfeiture, and in view of the fact that the non-forfeiture law cannot be applied to the policy, the appellate court is powerless to do anything but to enforce the contract as written.

514

Elms v. Life Ins. Co.

4. ———: ———: ———: ———: **Policy Forfeited: Provision for Deduction of Indebtedness Does Not Apply.** The provision of the insuring clause in a life insurance policy which says that upon assured's death the company would pay the amount of the policy, after "deducting therefrom all indebtedness of the party to the company together with the balance, if any, of the year's premium," applies to a payment made by the company while the policy was in force, and not where the policy had been forfeited under its terms prior to the insured's death.

5. ———: ———: ———: ———: **Clause Giving Paid Up Insurance: Not Inconsistent With Forfeiture Clause.** Nor is there any inconsistency between a forfeiture clause in a life insurance policy providing for its forfeiture for the non-payment of a premium when due, and a provision which gives the assured, if two years' premiums have been paid, on default of payment of a subsequent premium, the right to a paid-up policy for an equitable sum upon demand and surrender of the policy within three months from lapse.

6. ———: ———: ———: ———: **Policy Forfeited for Nonpayment of Premiums: Reserve Forfeited.** Even though at the date of the lapse of a life insurance policy for nonpayment of premiums a reserve or profits had accumulated under the policy, the insured would not be entitled to such reserve or profits where the policy plainly and unequivocally forfeits all profits to the company upon failure to pay premiums.

7. ———: ———: ———: ———: **Waiver: Voluntarily Giving Assured Benefit of Extended Insurance: Not a Waiver of Right to Enforce Forfeiture.** Where a life insurance policy had lapsed for nonpayment of premiums as provided in the policy, and the insurance company although not obligated gave to the assured upon his default the benefit of extended insurance for such term of years as the accumulated reserve carried the policy, *held* such action was not a waiver of the rights of the company to enforce a forfeiture under the plain provisions of the policy.

8. ———: ———: **Policy Forfeited for Nonpayment of Premiums: Absent Statute Reserve Belongs to Insurer.** In view of the fact that there was no statute in effect at the time of the issuance of the life insurance policy in suit governing the disposition of the reserve, and as the policy did not accord to the assured the benefits of the reserve upon lapse either for cash surrender value or for paid-up or extended insurance, the reserve belonged to the company and not the assured.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Glendy B. Arnold,* Judge.

AFFIRMED.

*Igoe & Carroll* and *Anderson & Gilbert* for appellants.

The court erred in giving the demurrers to both counts because: (1) Even if the policy had provided for forfeiture, it was waived by defendant. See letters from defendant's officials. (2) As construed by defendant the policy was not subject to forfeiture. Brooklyn Ins. Co. v. Dutcher, 95 U. S. 269; Manhattan Ins. Co. v. Wright, 126 Fed. 86. (3) The provision for deducting any indebtedness and unpaid premium is inconsistent with forfeiture and negatives any forfeiture provision. Kline v. Ben. Assn., 111 Ind. 462. (4) The provision requiring a surrender of policy and profits is inconsistent with the claim of forfeiture, and where two constructions are possible that favoring the insured should be given. Kelsey v. Life Ins. Co., 196 Fed. 195; Ferguson v. Life Ins. Co., 187 Mass. 14. And any doubt is resolved against company, although it may have intended otherwise. Hale v. Ins. Co., 46 Mo. App. 508; Stix v. Ins. Co., 175 Mo. App. 171; Force v. Ins. Co., 43 Mo. App. 518 (5) The interest of the beneficiaries is vested and could not be affected by any action on the company's part, or assured's. Diehm v. Ins. Co., 129 Mo. App. 256; Kelsey v. Ins. Co., 196 Fed. 197. (6) Equitable value is the amount held on the policy. People v. Ins. Co., 78 N. Y. 114; Ins. Co. v. Statham, 93 U. S. 24. (7) No matter how praiseworthy the motives, one cannot spend another's money or make payments for him without his consent. Meier v. Meier, 15 Mo. App. 68 aff'd. 88 Mo. 566; Taylor v. Planet Co., 78 Mo. App. 137.

*Jones, Hocker, Sullivan & Angert* for respondent.

(1) It is the duty of courts to give effect to contracts as written. It is not within the province of the courts to make contracts for the parties or to change those which the parties have already entered into. Arensmeyer v. Insurance Co., 254 Mo. 313; West v. Insurance

Co., 186 Mo. App. 2; Mitchell v. Insurance Co., 179 Mo. App. 1; Miller v. Insurance Co., 168 Mo. App. 330. (2) Where the policy in clear and unequivocal language provides for forfeiture for the non-payment of premiums, the courts must sustain the forfeiture and enforce the contract. Ashbrook v. Insurance Co., 94 Mo. 72; Smoot v. Insurance Co., 138 Mo. App. 438; Barnes v. Insurance Co., 30 Mo. App. 539; Mooney v. Insurance Co., 92 Mo. App. 92. (3) Where the policy by its terms makes the right to paid-up insurance conditional upon a demand being made therefor by the insured within a specified period, it is a condition precedent to the right to such paid-up insurance that a demand be made therefor within the prescribed period. Knapp v. Insurance Co., 117 U. S. 411; Cravens v. New York Life Ins. Co., 148 Mo. 583; Inloes v. Prudential Life Ins. Co., 109 Mo. App. 104. (4) In the absence of some provision of the policy or some statute giving the insured the benefit of the reserve of the policy upon its lapse, such reserve belongs to the company and not to the insured. Wilhelm v. Prudential Ins. Co., (Ms. Op.); State ex rel. Supreme Lodge v. Vandiver, 213 Mo. 187; Payne v. Minnesota Mutual Life Ins. Co., 195 Mo. App. 512.

BIGGS, C.—This is an action upon a policy of life insurance. The policy in the sum of $1,000 was issued upon the life of Rossington Elms and was dated March 31, 1871. The premiums were paid until March 3, 1906. The one due that day was not paid nor was any subsequent premium paid. The insured died in October, 1912.

The petition is in two counts, the first being a straight suit on the policy and the second on the theory of a conversion of the reserve standing to the credit of the policy at the time it lapsed, which is alleged to have been the sum of $765.49.

The answer to the first count after denying the performance of the terms and conditions of the policy on the part of the plaintiffs, set up that the insured failed to pay the premium of $44.46 due on March 3, 1906, and

as a result the policy lapsed and under its terms the company became exempted from the payment of any sum. It is further averred that under the policy it was provided that after two or more premiums had been paid the company upon the lapse of the policy for the non-payment of any subsequent premium would issue a paid-up policy insuring an equitable sum, payable at death, provided application was made for such paid-up insurance and the policy surrendered to the company within three months after its lapse. It is then averred that no application was made nor was the policy surrendered for paid-up insurance within three months after its lapse for the non-payment of the premium due March 3, 1906.

Defendant's answer to the second count denied that on March 3, 1906, or at any time there was a reserve or cash value standing to the credit of the policy of $765.49 as alleged by plaintiffs and denied that either the insured or plaintiffs were entitled to any reserve or cash value under said policy upon its lapse for the non-payment of the premium.

The cause was tried by the court sitting as a jury and upon request of the defendant at the close of the case the court declared the law to be that plaintiffs were not entitled to recover under either count of the petition. Following the usual preliminaries plaintiffs have appealed.

No question of pleading arises in the case and the facts are undisputed. The foregoing statement and substantive portions of the pleadings may be considered as facts established in the case the parties however differing only as to the legal effect of the policy stipulations and subsequent action of the company after the lapse of the policy following the default in the payment of premiums. It was conceded that the defendant was duly notified and denied liability for any sum and that all premiums were paid from 1871 to the premium due March 3, 1905, but that no further premiums were paid by the assured or by any one. It was further admitted no demand was made within three months after the lapse or

at any time for the paid-up insurance provided in the policy. The provisions of the policy material to the issues are as follows:

"And the said company do hereby promise and agree, to and with the said assured, well and truly to pay or cause to be paid, the said sum insured, at their office in the City of Newark, to the said Catherine Elms or assigns, within ninety days after due notice and proof of the death of said Rossington Elms. And in case the said assured should die before the decease of the said Rossington Elms, then the amount of this insurance shall be payable to their children or to their guardian if under age, within ninety days after due notice and proof of interest and of the death of said Rossington Elms, deducting therefrom all indebtedness of the party to the Company, together with the balance, if any, of the year's premium."

The forfeiture provision is as follows:

"In case the said premiums shall not be paid on or before the several days hereinbefore mentioned for the payment thereof, at the office of the company in the City of Newark, or to agents when they produce receipts signed by the president or treasurer, then, and in every such case, the said company shall not be liable to the payment of the sum, insured, or any part thereof, and this policy shall cease and determine; but after two or more full years premiums have been paid hereon the company will issue a paid-up policy insuring an equitable sum, payable at death, provided application be made for same, and the policy with the profits thereon be duly surrendered within three months after its lapse."

"And it is further agreed by the within assured that in every case where this policy shall cease or become or be null and void, all previous payments made thereon, and all profits, shall be forfeited to the said company; and that if it be assigned, written notice shall be given to the company and their assent thereto obtained."

It was further shown that in the year 1879 and in 1895 the company adopted new forfeiture systems which

were applied to all future policies of the company and were also made applicable to all prior policies which had been issued. By these systems the insured in the event of a lapse was given in lieu of the paid-up insurance provided in the policy the right or option of withdrawing the reserve on the policy either in cash or having the reserve applied to the purchase of extended insurance, upon condition however of a demand being made therefor and a surrender of the policy to the company within three months after lapse. It was provided in the system that in the event of a failure to make demand or surrender the policy within three months for paid-up insurance provided in the policy or for the cash surrender value or for extended insurance the reserve should be applied to the purchase of extended insurance.

It was further undisputed as was shown by certain letters written to plaintiffs' counsel and by other evidence that in June, 1906, after the policy in the instant suit had lapsed on March 3, 1906, that in view of the fact that the policy was not surrendered or any demand made for the cash or for a paid-up policy that the company applied the reserve on the policy to the purchase of extended insurance which resulted in the policy being continued in force for the full amount of $1,000 for a period of four years and twenty-four days or until March 27, 1910, more than two years prior to the death of the assured.

The Missouri Non-Forfeiture Statutes (Secs. 6151-6152-6153, R. S. 1919), were not enacted until 1879, which was after the date of the policy in suit and hence there is no contention that they are applicable. The policy in suit being unaffected by that law we need only consider its terms in determining whether the beneficiaries had any rights thereunder at the time of the death of the insured October, 1912, in view of the concession that the policy lapsed on March 3, 1906, for failure to pay premiums.

Plaintiffs' learned counsel have not formally assigned errors in the action of the trial court. The suit was tried before the court without a jury and after the

cause was taken under advisement the court sustained the defendant's demurrers to the evidence and granted to the plaintiffs the right to take a non-suit. Failing in their motion to have the non-suit set aside plaintiffs have appealed and are entitled to have the cause viewed in the light most favorable to them. Such matter however is of little consequence as there are no disputed questions of fact in the case.

We are able to glean from the points and arguments of counsel that it is contended by plaintiffs that no forfeiture was provided in the policy; that granting such provision the same was waived by the defendant by reason of it formally subjecting the policy to its non-forfeiture system adopted in 1879 whereby it granted to the assured the right to extended insurance under certain conditions and stipulations; that the provision in the policy providing for deducting any indebtedness thereon and also unpaid premium is inconsistent with and negatives the idea of forfeiture and also the provision requiring a surrender of the policy and profits is claimed to be inconsistent with the claim of forfeiture, the result being that two constructions are possible under the policy and the one favoring the assured should be adopted.

While the law does not favor forfeitures, especially · in the case of insurance contracts, where the parties plainly by their contract provide for them and no statutory law intervenes to prohibit them, the courts cannot do otherwise than enforce the contract as written by the parties themselves. [Ashbrook v. Ins. Co., 94 Mo. 72, 6 S. W. 462; Smoot v. Ins. Co., 138 Mo. App. 438, 120 S. W. 719; Mitchell v. Ins. Co., 179 Mo. App. 1, 161 S. W. 362.]

The policy here provided upon failure to pay the premium that *"then and in every such case the said company shall not be liable for the payment of the sum insured or any part thereof, but the policy shall cease and determine."* This was followed by a provision giving to assured after the payment of two or more pre-

miums the right to have a paid-up policy for an equitable sum payable at death, provided application be made for same and the policy with the profits thereon be duly surrendered within three months after its lapse.

This provision plainly and clearly provides for a forfeiture, and in view of the fact that the non-forfeiture law of Missouri cannot be applied to the policy we are powerless to do anything but to enforce the contract as written.

It is argued by plaintiffs that the forfeiture clause is inconsistent with the provision of the prior insuring clause which says that upon assured's death the Company would pay the amount of the policy, after "deducting therefrom all indebtedness of the party to the Company together with the balance, if any, of the year's premium." Of course if the policy was forfeited there could be nothing to deduct. The provision referred to giving the Company the right to deduct any indebtedness due the Company manifestly applied to a payment made by the Company while the policy was in force, and not where the policy has been forfeited under its terms prior to the insured's death. [Ruane v. Ins. Co., 194 Mo. App. 214, 186 S. W. 1188.]

The case of Kline v. National Ben. Assn., 111 Ind. 462, relied on by plaintiffs is wholly unlike this case. There the policy acknowledged the receipt of six assessments and then provided for a forfeiture for failure to pay assessments. The Company contended the policy was forfeited because one of the assessments that it acknowledged was paid was not in fact paid and it was held that as against the beneficiary the Company was estopped by the recital in the policy acknowledging the receipt of the six assessments from asserting that one of them was not paid. Furthermore the court in construing the contract as a whole found that it did not entitle the Company to declare a forfeiture. The court said, l. c. 466:

"The only clause which professes to give a right to declare a forfeiture is the brief clause contained in the

orders given by the assured, and this can not be allowed
to prevail against the statements in the application, the
acknowledgment in the policy, the provision that it shall
be incontestable except for fraud, and the recitals of the
binding receipt.''

Nor is there any inconsistency between the forfeiture
clause and the provision following which gives to the
assured on default the right to a paid-up policy for an
equitable sum upon demand and surrender of the policy
within three months from lapse.

The right to paid-up insurance was conditioned up-
on the owner making application therefor ''and the policy
with the profits thereon be duly surrendered to the Com-
pany within three months after its lapse.'' It is contend-
ed by plaintiffs that the defendant has construed this
policy and stated that these ''profits'' amounted to the
sum of $765.49. Defendant does not admit that the prof-
its on the policy amounted to $765.49 at date of lapse, but
that the ''reserve,'' an entirely different thing, amount-
ed to that sum, which reserve was voluntarily and with-
out obligation on its part applied to the purchase of ex-
tended insurance under its non-forfeiture systems adopt-
ed in 1879 and 1895.

However, granting that the profit amounted to that
sum, the policy plainly and unequivocally forfeits all
profits to the Company upon failure to pay premiums.

But, say plaintiffs, granting a right of forfeiture,
same was waived by reason of the Company after the
death of Rossington Elms admitting in letters to plain-
tiffs' counsel that it had applied the reserve that had ac-
cumulated on the policy at date of lapse to the purchase
of extended insurance. The letters do not admit any liabil-
ity under the original policy but state same became value-
less under its provision for non-payment of premium. It
is then stated that after lapse and upon failure of the
assured to request a paid-up policy under the provisions
of the original policy that the company had applied the
reserve to the purchase of extended insurance in view
of the fact that the insured had not surrendered the pol-
icy for paid-up insurance or for cash surrender value.

The sole benefit accruing to assured under the policy terms upon lapse was to have paid-up insurance for an equitable sum upon complying with the conditions. The other benefits, namely, cash surrender value and the right to extended insurance, were accorded the policy voluntarily by the Company when there was no obligation to do so by the terms of the original contract. Such action should not be construed as a waiver of the rights of the Company to enforce the plain provisions of the written contract. The Company although not obligated gave to the assured upon his default the benefit of extended insurance for a term of about four years, as the accumulated reserve carried the policy that length of time. Had the assured died within that time his beneficiaries would have received the full face of the policy.

The second count proceeds on the theory that at the time of the default the reserve belonged to the assured and that the Company was guilty of conversion in applying it to the purchase of extended insurance. Under the terms of the policy the assured had only a conditional right to paid-up insurance upon lapse. If the policy had unconditionally given to the assured upon default a right to a cash surrender value there would be merit in plaintiff's contention that a conversion existed.

In view of the fact that there was no statute in effect at the time governing the disposition of the reserve and where as here the policy did not accord to the assured the benefits of the reserve upon lapse either for cash surrender value or for paid-up or extended insurance, the reserve belonged to the Company and not the assured. [Payne v. Ins. Co., 195 Mo. App. 512, 191 S. W. 675; State ex rel. v. Vandiver, 213 Mo. 187, 214, 111 S. W. 529; Wilhelm v. Prudential Ins. Co., 227 S. W. 897 (not yet officially reported.]

One of the purposes in enacting the non-forfeiture statutes was to give to the assured benefits arising from the reserve in the form of extended insurance, thereby clearly indicating that absent the statute the reserve belonged to the Company.

It follows that the court properly declared the law as applied to the facts and that the judgment should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.*, and *Becker, J.*, concur; *Daues, J.*, not sitting.

REPORTER'S NOTE.—*Certiorari* issued by the Supreme Court in above case on hearing, the writ was quashed. [See 242 S. W. Rep. 679.]