**TRAVELERS INSURANCE CO.,**
Defendant, Appellant,

v.

**Henry CASTRO et al., Plaintiffs,**
Appellees.

**No. 6412.**

United States Court of Appeals
First Circuit.

Feb. 24, 1965.

Hector Gonzalez Blanes, San Juan, P. R., with whom F. Fernandez Cuyar, San Juan, P. R., was on brief, for appellant.

Joseph T. Wynne, San Juan, P. R., with whom Francisco Ponsa Feliu, San Juan, P. R., was on brief, for appellees.

Before ALDRICH, Chief Judge, MARIS,* Circuit Judge, and FORD, District Judge.

ALDRICH, Chief Judge.

■ This is an action, tried without jury, to recover upon a life insurance policy following the death of the insured. The sole defense, which did not prevail in the district court, was that the policy had lapsed. The facts were undisputed. In October 1959 Henry Castro Anderson, hereinafter the insured, applied to appellant, Travelers Insurance Company, for a $10,000 life insurance policy on his life on the so-called cash settlement at age 60 plan. The application provided that if the first premium were not paid with the application (and it was not), "the contract issued hereupon shall not take effect unless the first premium shall be actually paid while the proposed insured is in good health." [1] The company accepted the application and forwarded the policy to the agent, who received it about December 2. He sought to make delivery, but could not find the insured. On January 19 he delivered it to the insured's father in return for the first monthly premium. No further premiums were paid. The insured died on February 27.

With respect to premiums the policy contained the following material provisions: A statement that the "Contract Date" is December 1, 1959; a statement that the "Premium [is] $24.65 Each 1/12 Year for 24 Full Years" and a provision, more fully hereinafter set forth, that the premiums are payable monthly "as determined from the Contract Date." Thirty-one days' grace was permitted for the payment of each premium.

In addition to relating the monthly premiums to the Contract Date, the policy contained tables for cash loan and surrender values in annually increasing amounts "computed from the Contract Date," and a provision for Cash Settlement on the Maturity Date, which "shall be the first anniversary of the Contract Date at which the Insured is not less than 59 years and 6 months of age." (viz., December 1, 1983).

The policy was applied for and delivered in Puerto Rico and that law, admittedly, governs. It is equally conceded that no Puerto Rico case has been found even remotely in point. Puerto Rico construes ambiguities in an insurance policy strongly against the company. Fernando Barreras v. Miguel Santana, 1963, P.R. So do all other courts. Under these circumstances we look, as did the district court, to common law decisions, generally, to determine whether there was an ambiguity.

■■ We find no ambiguity on the face of the policy. The Contract Date is December 1, 1959. The policy states, "This contract shall be placed in force upon payment of the first premium and the delivery of this contract during the lifetime and good health of the Insured, and shall be continued by a like payment in each year at the premium intervals specified above as determined from the Contract Date." Looking at this language, and that previously quoted, no one could fail to conclude that a second monthly premium was stated to be due one month after the Contract Date, or January 1, 1960, and that further premiums were due thereafter, monthly, until December 1, 1983, or until the insured died, whichever first occurred. The district court, in finding an ambiguity, viz., that no further premium was due until February 19, one month after delivery (so that February 27 was within the grace period), looked not to the policy language, but to external circumstances.

* By designation.

1. The policy itself reinforced this provision by requiring delivery as well as payment of the first premium to place the policy "in force."

The court put it very succinctly: "[T]he contract is ambiguous in the sense that although the Contract Date is stated to be December 1, 1959, the policy was not in force, and by its terms the deceased was not insured, and was without protection, for the period from December 1, 1959, until the delivery of the policy * * * on January 19, 1960." With all respect to the district court, this was not an ambiguity. A contract is ambiguous when it contains language which may be interpreted more than one way and there is nothing to indicate which meaning is intended, or where there is contradictory or necessarily inconsistent language in different portions of the instrument. None of these situations obtained here. There is no necessary inconsistency in providing that the premium liability commences as of a certain date and the coverage commences on another.

Parties may agree to whatever they choose. What the court seems really to have been saying was that it considered the agreement unreasonable. The fact that a court believes an agreement unreasonable may well be a ground for resolving an ambiguity if one exists, but it does not create one.

We might observe that even if it could be found for some reason that under the law of Puerto Rico unreasonableness is a substitute for ambiguity, we would not consider this contract unreasonable. It is elementary that timely payment of premiums is the foundation of a life insurance contract. A situation which would leave the date not only of the first premium, but the due date of every subsequent premium through the life of the policy, not a matter of record but ascertainable only with reference to some external event that might, at best, be open to dispute, would lead to serious difficulties. It is at least appropriate from the standpoint of both parties to provide in the policy itself a fixed, certain date for premium payments. If, as a result of delay in the delivery, the insured finds himself offered a less advantageous contract than he expected, he is free to refuse it. Travelers Ins. Co. v. Wolfe, 6 Cir., 1935, 78 F.2d 78, cert. den. 296 U.S. 635, 56 S.Ct. 158, 80 L.Ed. 452.

Furthermore, we suggest that the court's result was mathematically unjust. Regardless of when the policy was delivered, the Maturity Date was fixed with reference to the Contract Date specified in the policy. On the court's interpretation the company's fixed obligation to make the Cash Settlement on December 1, 1983 would be in consideration of an elastic amount of premium payments. This is brought into sharper focus when one considers that the policy's interim cash and loan values are also computed from the Contract Date but would, on the court's theory, likewise depend upon an indefinite amount of premiums. Yet policy values, obviously, must be built up from premium payments. See In re McKinney, D.C.S.D.N.Y., 1883, 15 F. 535, at 537, as modified by Equitable Life Assurance Society v. United States, 1 Cir., 1964, 331 F.2d 29, 35, fn. 10.

In the absence of any reason to think otherwise, we will assume that the Puerto Rico court would adopt what we believe to be the far sounder view and find no ambiguity in this policy. See, e. g., Sellars v. Continental Life Ins. Co., 4 Cir., 1929, 30 F.2d 42; Travelers Ins. Co. v. Wolfe, supra; Kampf v. Franklin Life Insurance Co., 1960, 33 N.J. 36, 161 A.2d 717.

Judgment will be entered vacating the judgment of the district court and remanding the case with directions to dismiss the complaint.