[No. 3,799.]

# WM. A. HOWARD v. THE CONTINENTAL LIFE INSURANCE COMPANY.

LIFE INSURANCE POLICY.—A life insurance policy which provides for the payment of an annual premium on the 31st day of October, during the continuance of the policy, or for the payment of the same, with the consent of the company, half yearly, or quarter yearly, or thrice yearly in advance, one third of which may be endorsed as a loan, does not, if the assured elects, with the consent of the company, to make payments thrice yearly, and makes the first, extend him credit for the second and third payments to the end of the year He must make the second and third payments when they fall due.

IDEM.—A clause in such policy that the company, upon proof of death, shall pay the sum insured, "any balance of the years' premium when not all paid at the commencement of the year, or any indebtedness to the company on account of this policy being first deducted therefrom," does not have the effect of extending such credit.

IDEM.—The company is authorized to deduct any instalment not due at the death, but is not compelled to pay the sum insured, with the right to deduct an instalment overdue when death occurs.

ON the 31st of October, 1867, the defendant insured the life of Benjamin C. Howard, for the term of five years, and for the sum of five thousand dollars. The following are

the material parts of the policy which have reference to the question here involved:

"This policy witnesseth: That the Continental Life Insurance Company, in consideration of the representations made to them in the application for this policy, and of the sum of two hundred and sixty-seven dollars and twenty-one cents, to them in hand paid by Benjamin C. Howard, and of the sum of two hundred and sixty-seven dollars and twenty-one cents, to be paid on or before the last day of February and June next, and of all loans and interest made upon this policy at any time, and of the annual premium of twelve hundred and two dollars and forty-five cents, to be paid on or before the thirty-first day of October in every year, during the continuance of this policy, or within thirty days after the several payments as above shall be due and payable (or with consent of the Company, half or quarter, or thrice yearly in advance, with interest), one third of which may be indorsed as a loan; do assure the life of Benjamin C. Howard, of San Francisco, in the County of San Francisco, State of California, for the sole use of Benjamin C. Howard, in the amount of five thousand dollars, for the term of five years, from the date of this policy, or until his decease, or, in case of his death, before that time; and the said Company do hereby warrant and agree to and with the said assured, well and truly to pay, or cause to be paid, the said sum insured to the said assured, within ninety days after the said Benjamin C. Howard shall have been insured for five years, as aforesaid; or, in case he shall die before that time, then to the legal representatives of the said assured, within ninety days after due notice and satisfactory evidence of his death during the continuance of this policy, and proof of the just claims of the assured under the same; any balance of the year's premium, (when not all paid at the commencement of the year,) or any indebtedness to the Company, on account of this policy, being first deducted therefrom."

The assured elected, with the consent of the company, to make thrice yearly payments, and, on the 31st day of Octo-

ber, 1869, paid one third of the yearly premium, but failed to make the payment due on the last day of February, 1870. On the 21st day of April, 1870, the sum due on the last day of the February previous was tendered by Howard, but the Company declined to receive it. On the 9th day of October, 1869, the assured assigned the policy to the plaintiff. The assured died on the 6th day of May, 1870, and this action was brought to recover the sum insured by the policy.

The defense set up by the company was that, before the death of the assured, to wit: On the last day of February, 1870, there became due and payable as premium on the policy, the sum of two hundred and sixty-seven dollars and twenty-one cents, which had not been paid or tendered on said last day of February, or within thirty days thereafter, whereby the policy became null and void.

The Court below instructed the jury that, by a proper construction of the policy, if the assured elected, with the consent of the company, to make half yearly, or thrice yearly payments, that then, upon making the first payment of any year, a credit was extended to him for the other payments of that year, until the end of the year; and that if he died during the year, the company were entitled to deduct from the amount insured the unpaid payments of the year. The jury, under the instructions of the Court, found a verdict for the plaintiff.

The defendant appealed.

The other facts are stated in the opinion.

*George A. Nourse,* for the Appellant, argued that the language of the policy was so plain that construction was unnecessary, and that the company was to pay the insurance within ninety days after the death of the insured, but in making such payment, might deduct therefrom any balance of the current year's premium when the whole of it was not paid at the begining of the year; and that if the insured died after making the first payment of a year, the installments for the remainder of the year must be deducted, and that the indebtedness of the company spoken of in the policy could only exist by virtue of the loan of one third of

the year's premium provided for in the policy, and that unpaid installments not due under the policy could not be treated as indebtedness under the policy. He argued that this construction of the policy was just, equitable and indispensable to the carrying on of business by the defendant. That the assured was not, by the terms of the policy compellable to pay one dollar of premium, and the company could not maintain an action against him for any portion of it; and that if the policy were to remain in force, even if no premium were paid thereunder (except the trifling amount paid as a preliminary to the issuance of the policy) it was difficult to see what adequate consideration the company received for its promise to pay the amount insured, when the insured should die. No company could long do business on such a basis. In order to pay its losses, it must certainly collect premiums. He cited *Pitt* v. *Berkshire Life Insurance Co.*, 100 Mass. 500.

*Van Dyke & Loewy*, for the Respondent, argued that the loan of one third of the year's premium negatived the right of forfeiture, and that in providing for a division of the annual premiums, the company nullified the forfeiture clause; and that the words, "any balance of the year's premium," referred to the premium actually to be paid in installments, and that the words, "any indebtedness," referred to the loan of one third of the premium.

They also argued that forfeitures were odious in law, and that an interpretation which created a forfeiture was not to be favored; and cited, *Jackson* v. *Topping*, 1 Wend. 388, and *Coleman* v. *Clements*, 23 Cal. 248.

By the Court, McKINSTRY, J.:

After stating "in consideration of representations," etc., the policy preceeds: "And of the annual premium of, etc., to be paid on or before the 31st day of October in every year during the continuance of this policy, or within thirty days after the payments as above shall be due and payable (or with the consent of the company, half, or quarter, or thrice yearly in advance, with interest,) one third of which may be indorsed as a loan, do assure," etc.

The learned counsel for respondent treat the provisions

of the the policy as extending a credit for the second and third installments to the end of the year.   It must be admitted that this does not accord with the portion of the instrument above quoted.   The assured elected to make thrice-yearly payments, and by the plain language of the contract the second and third installments became due in four and eight months after the first, if he should live throughout the year.

It is said, however, the construction claimed must be adopted in order to give effect to the stipulation that the insurers should pay—within ninety days after proof of the death, etc.—the sum insured "any balance of the year's premium (when not all paid at the commencement of the year,) or any indebtness to the company on account of this policy being first deducted therefrom."

It is urged that to hold the assured bound—under pain of forfeiture—to pay the second and third installments as agreed, would make the contract unilateral; that as the company, by the clause above recited, has secured to itself the whole year's premium on the death of the assured, it would be a violation of the principle of mutuality to declare the policy forfeited, by reason of a failure, on the part of the assured, to pay a balance, the payment of which is made certain by the terms of the contract; that it is impossible there can be a balance due of the whole annual premium, without a reciprocal liability of the company for the entire year.

The clause as to deducting any indebtedness on account of the policy is satisfied by reference to the circumstance that one third of each year's premium could be indorsed as a loan.   We agree that it was intended—in case of the death of the assured before one or both of the postponed installments would have become due, had he continued to live—that the company should deduct, from the amount insured, the balance unpaid of the year's premium.   But we do not think that, as a consequence of this right reserved by the insurers, the assured was relieved of the necessity of paying any installment when it was agreed it should be paid.   The company was authorized to deduct any install-

ment not due at the death, but was not compelled to pay the sum insured, with the right to deduct an installment overdue when death occured. Thus construing the several clauses, effect is given to all the stipulations of the contract; but to sustain the view of respondent it would be necessary to ignore the portion of the policy which fixes the thrice-yearly payments, making the policy read that the payments should be made one third at the commencement, and two thirds at the end of the year.

Primarily, the whole of the annual premium was payable in advance. Passing the other incidents, the consideration for the policy was the payment of the whole of this premium; if it was not paid, the policy was to lapse. But the assured had the option—the company consenting—to pay thrice-yearly in advance. In the first case there was to be no obligation to pay the sum insured, unless the whole premium was paid; in the second, no such obligation unless each thrice-yearly payment was made as it became due. In both cases the company was entitled to receive the whole annual premium as the consideration for insurance during the year. Such was the contract, and we see nothing inequitable in its terms. The subtraction of the installment, which would not have been due if the assured had continued to live, was the only way in which the company could be placed in a like position, with respect to the assured, to that they occupied with respect to others who had paid the whole of the annual premium in advance.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.

Mr. Justice RHODES did not express an opinion.