## NEW YORK LIFE INS. CO. *v.* MORRIS.[*]

(Division B. Dec. 8, 1924.)

[102 So. 71. No. 24522.]

1 INSURANCE. *Life policy held not to remain in force after expiration of quarter, for which installment of premium has been paid, without payment of installment for succeeding quarter.*

Where a life insurance policy provides for the payment of the premium in quarterly installments, which shall maintain the policy in force for three calendar months, and that the payment of such premium shall not maintain the policy in force beyond the date when the next payment becomes due, except as to benefits provided for after default in premium payments, the contract binds neither party beyond the quarter for which payment has been made, except at the option of the insured, and this is true, although the policy further provides that any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be deducted from the amount payable thereunder.

2. INSURANCE. *Policy held contract for insurance for one year, only on condition that insured pays quarterly installments of premium when due.*

Under such a contract the insurance is not for one year absolutely, but for that period, only on the condition that the insured pays the premiums, when due under the terms of the policy.

3. INSURANCE. *Life policy held not existing contract in case of voluntary default in payment of quarterly installment of annual premium when due, or within grace period.*

Under such contract of insurance the insurer grants the insured the privilege of paying the annual premium in quarterly installments, but reserves the right to collect a full yearly premium in the event of the death of the insured while the policy is in force, but, the contract so providing, in case of a voluntary default in the payment of any installment when due, or within the grace period, the policy is no longer an existing contract, and the insurer has no right to collect the remaining installments, and no action can be maintained thereon by the beneficiary.

*Headnotes 1. Life Insurance, 25 Cyc., p. 824; 2. Life Insurance, 25 Cyc., p. 821.

APPEAL from circuit court of Covington county.

HON. E. L. DENT, Special Judge.

Suit by Isabelle K. Morris against the New York Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*A. H. Longino,* for appellant.

By the terms of the contract sued on, the policy and the application therefor constitute the entire contract between the parties. Furthermore, the policy provides that: "All premiums are payable on or before their due date at the home office of the company or to an authorized agent, etc." It is admitted in appellant's declaration and shown by the evidence that the first premium, which was paid with the delivery of the policy, was all that the appellant ever received and that the second premium of nineteen dollars and fifty-six cents which became due on April 8, 1923, was not paid by the insured on its due date, or within the grace period of one month thereafter. It is further shown by the agreed statement of facts that the insurer before the second or April unpaid quarterly premium became due, gave due and proper notice of the date of maturity when said installment would become due and payable. And that the same nor any part thereof was paid on its due date or within the thirty days grace. There is therefore

no question involved of the giving of proper notice of the due date of the premium.

We submit therefore, as an indisputable proposition that when the insured failed to pay to the appellant the second, or April 8th premium, he then and there was in default, and that by failing to pay the same, with interest, within the grace period allowed, the policy then and there elapsed. And as it had at that time no cash surrender or other value, it became a forfeited and dead contract and was without existence at the time of the bringing of the suit in controversy. The consideration for the policy sued on was the promise of the insured to pay the full annual premium, but for his accommodation, it was agreed between the parties that the annual premium should be broken up and divided into four quarterly amounts.

The appellee and the court seem to have been misled by an improper interpretation of that provision in the policy, above herein referred to, which says: "Any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be deducted from the amount payable hereunder." But it must be observed that the court appears to have overlooked the provision of the policy immediately following the above, which says: "The payment of the premium shall not maintain the policy in force beyond the due date when the next payment becomes due, except as to the benefits provided herein after default in premium payment." The court below erred in failing to construe the said two provisions of the policy together, for when that is done no ambiguity or doubt exists as to the meaning of the contract in said particulars.

*Corley & Cranford*, for appellee.

Appellee maintains in this case, that this policy was not forfeited, for the reason that the premium was paid that started this policy into existence. It is our conten-

tion that an insurance year is twelve calendar months; that this policy went into effect on the date it was issued, and that the premium was for one year, or payable annually, but that it was agreed that this annual premium might be paid ·in quarterly payments, by adding six per cent interest to the agreed premium charged. In fact the policy specially provides: "The premiums always considered as payable in advance, but by agreement in writing and not otherwise may be made payable semi-annually or quarterly payments." Now we submit that it was the intent and purpose of this policy to run for a current insurance year, which we maintain is twelve months; the policy provides: "Any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be deducted from the amount payable hereunder." Now if appellant's contention is correct, how could any unpaid premiums be due, during a current year? If the policy was subject to forfeit every three months, then this clause in the policy does not mean anything.

Now, our contention, we submit, is absolutely correct, and our construction of this policy is correct, or else this policy is ambiguous and contradictory in its terms, and we must then resort to the law for aid. If there is any doubt whatever about this construction, then it becomes the duty of the court to resolve that doubt in favor of the insured. *Brink* v. *Merchants Ins. Co.,* 49 Vt. 457.

*A. H. Longino,* in reply for appellant.

In determining the amount to be paid on the policy in question, we must look to it alone for information, and in doing that we find that the amount fixed is nineteen dollars and fifty-six cents to be paid every three months beginning with January 8, 1923. This amount having been specifically agreed to between the parties

and written into the policy becomes conclusive, as to the amount of the premium to be paid and puts at rest appellee's speculations of undue addition of interest and expense charges, which were carried into the amount of nineteen dollars and fifty-six cents quarterly.    25 Cyc. 829.

As a rule of insurance, premiums must be paid cash in advance.    But by agreement in writing between the parties in this case, under a provision in the policy, instead of paying the full amount in cash, the premium was divided into four equal quarterly installments. Stipulations in the policy fix not only the amount of the premiums to be paid but the time when they should be paid and in order to determine both of these points reference must be had to the policy.    25 Cyc. 829.    The above announced rule of insurance as to the governing force of the policy stipulations, as to the amount of premiums and the time for payment thereof, seems to be the rule adopted generally by the courts.    *Ky. Mut. Life Ins. Co.* v. *Clancy,* 111 Ga. 865;    *Tibbitts* v. *Mut. Ben. Life Ins. Co.,* 159 Ind. 671;    *Williams* v. *Washington Life Ins. Co.,* 31 Iowa 541;    *French* v. *Hartford Life Ins. Co.,* 169 Mass. 510;    *Gaterman* v. *A. Life Ins. Co.,* 1 Mo. App. 300;    *Gerard Life Ins. Co.* v. *N. Y. Mut. Life Ins. Co.,* 97 Pa. 15;    *N. Y. Life Ins. Co.* v. *Stratham,* 93 U. S. 24, 23 L. Ed. 789;    *N. Y. Life Ins. Co.* v. *Odom,* 100 Miss. 479;    *Alexander* v. *N. Y. Life Ins, Co.,* 122 Miss. 213;    *Howard* v. *Continental Life Ins. Co.,* 48 Cal. 229.

COOK, J., delivered the opinion of the court.

The appellee, Isabelle K. Morris, instituted this suit against the New York Life Insurance Company on an insurance policy issued for her benefit on the life of her husband, William E. Morris, now deceased, and from a judgment for appellee, this appeal was prosecuted.

To the declaration filed by appellee the defendant company pleaded all the various provisions of the policy in reference to the payment of premiums, and the provision for a forfeiture for nonpayment of premiums. The cause was submitted to the court, without the intervention of a jury, on an agreed statement of facts. It was agreed that an annual premium on the policy, if it had been paid annually, would have been seventy three dollars and eighty-three cents, but, by written agreement between the insured and the defendant, the premium was to be paid in quarterly installments of nineteen dollars and fifty-six cents; that, by agreement of the parties, the policy took effect on the 8th day of January, 1923, and the first quarterly installment of the premium was paid; that the quarterly installments included six per cent. interest on the amount of an annual premium; that, before the maturity of the second, or April, quarterly installment of the premium, the defendant gave the insured due and proper notice of the date when said installment would become due and payable, but the same was not paid on its due date, or within thirty days thereafter; that likewise the July and October quarterly installments were not paid; and that the insured died on December 3, 1923.

The policy contract contains the following provision:

"This contract is made in consideration of the payment in advance of the sum of nineteen dollars and fifty-six cents, the receipt of which is hereby acknowledged, constituting the first premium, and maintaining this policy to the 8th day of April, 1923, and of a like sum on said date and every three calendar months thereafter during the life of the insured."

As to the grace allowed in the payment of premiums, the provision of the policy is as follows:

"Grace.—If any premium is not paid on or before the day it falls due, the policy holder is in default; but a grace of one month (not less than thirty days), subject

to an interest charge of five per cent. per annum, will be allowed for the payment of every premium after the first, during which time the insurance continues in force If death occurs within the period of grace, the unpaid premium for the then current insurance year will be deducted from the amount payable hereunder."

As to the payment of premiums and the effect of non-payment the provision of the policy is as follows: ·

"Payment of Premiums.—All premiums are payable on or before their due date, at the home office of the company or to an authorized agent of the company, but only in exchange for the company's official premium receipt signed by the president, a vice president, a second vice president, a secretary, or the treasurer of the company, and countersigned by the person receiving the premium. No person has any authority to collect a premium, unless he then holds said official premium receipt. The premium is always considered as payable annually in advance, but, by agreement in writing and not otherwise, may be made payable in semiannual or quarterly payments. Any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be deducted from the amount payable hereunder. The payment of the premium shall not maintain the policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein, after default in premium payment."

The court below held, and the contention of the appellee is, that the contract of insurance is a contract for annual insurance, and, since the policy provides that any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be deducted from the amount payable thereunder, the payment of the first quarterly installment effected insurance for one year, and upon the death of the insured during the year, the company became liable for

the face of the policy, less the unpaid premium install-ments for the year.

We think this is a misconception resulting from a fail-ure to construe together, and give effect to, all the provisions of the policy. The policy provides that the first quarterly installment shall constitute the first premium, and shall maintain the policy in force for three calendar months, at the end of which time a second installment shall become due, and that the payment of the premium shall not maintain the policy in force beyond the date when the next payment shall become due, except as to the benefits provided for therein, after default in premium payment, and if the contention of the appellee is sustained, it will result in nullifying these provisions, except as to the initial yearly payments. The provision for a forfeiture on the date when a pre-mium shall become due is absolute, except as to the bene-fits provided for after default in the payment of the premium. A benefit after default in a premium payment is found in the provision that a grace of one month will be allowed for the payment of any premium, during which time the insurance will be continued in force, and the unpaid premium for balance of the insurance year deducted from the face of the policy.

Construing these provisions together a forfeiture cannot occur until the period of grace allowed for the payment of a premium has expired, but, if death occurs during this period, it is expressly provided that the com-pany may collect the premium for the current insurance year by deducting it from the amount payable under the policy. When this last provision is considered in connection with the general provision that any unpaid premiums, required to complete payment for the cur-rent insurance year in which death occurs, shall be deducted from the amount payable thereunder, it seems clear that the right to deduct from the face of the policy the installments not due attaches only when the insured

regularly meets his payments' at maturity, or within the period of grace, and dies before all the payments for the current year become due. We think that, for the purpose of this decision, it may be conceded that the policy is an annual insurance, but the payments are to be made quarterly, and it is expressly provided that the failure to make any payment when due will work a forfeiture. The insurance was not for one year absolutely, but for that period only on the condition that the insured paid the premiums when due under the terms of the policy. By the contract of insurance the insurer granted the insured the privilege of paying the annual premium in quarterly installments, but reserved the right to collect a full yearly premium in the event of the death of the insured while the policy was in force. In case, however, of a voluntary default in the payment of any installment, when due, or within the grace period, it is expressly provided that the policy shall no longer be an existing contract, and in such case the insurer has no right to collect the remaining installments, and no action can be maintained thereon by the beneficiary.

In the case of *New York Life Insurance Co.* v. *Alexander,* 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, it was held that:

"When a life insurance policy provides for a forfeiture of the insurance, in case of a failure to pay premium, the policy, in case of failure to pay, is forfeited, and sickness or insanity will not avoid the forfeiture."

In the case of *Thompson* v. *Fidelity Mutual Life Insurance Co.,* 116 Tenn. 557, 92 S. W. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. Rep. 853, the court had under consideration provisions similar to the ones here involved, and the court there said:

"The privilege of paying the annual premium in quarterly installments was evidently for the convenience of the insured. Ordinarily, these premiums are pay-

able as a whole in advance for the term of one year. The failure to pay the whole of the premium in such a case works a forfeiture in the event that it is so provided. In this instance the result is the same, upon the failure of the insured to meet his quarterly payments when due. At the end of any quarter there is no obligation imposed upon the insured to pay the next succeeding quarter; his failure to pay works a forfeiture of his contract, but the company cannot compel him to pay the remaining installments. In the event of the death of the insured, before the end of the first quarter, or any succeeding quarter, if he has paid his premiums when due, his representatives are entitled to collect his insurance. In the absence of any provision permitting the compeny to deduct from the face value the remaining installments for the year, the insured would receive the face value of the policy, having paid one-fourth, two fourths, etc., as the case may be, of the annual premium. In order to avoid this, the company said to the insured, 'You pay your premium in installments. If you meet those installments regularly when due, and die before all of the installments have become due, we will pay the face value of the policy, less any unpaid portion of the yearly payment.' In other words, the company reserves the right to deduct the dues for the current year accruing but not due. Thus, in the event of a loss, while the contract is in force, to preserve to itself the right to collect the unpaid portion of the annual premium. In the case of a default in the payment of any installment when due, the policy is no longer an existing contract, and the insurer has no right to collect the remaining installments."

In the case of *McConnell* v. *Assurance Society,* 92 F. 769, 34 C. C. A. 663, in construing similar provisions in a policy, the court said:

"Finally, it is contended that this policy is to be construed as a policy for a year, upon which a quarter of

the premium has been paid, and three-quarters remains due as a credit to the company. The case cannot be distinguished in this regard from *Insurance Co.* v. *Sheridan,* 8 H. L. Cas. 745, where the policy was in all substantial respects similar to the one under consideration. It is an annual policy, but it is an annual policy on which the premium is payable by quarterly installments, leaving the insured at liberty to drop it at any quarter, and imposing no liability on the part of the company, unless the quarterly payment is made at the end of the quarter. If, however, the insured die at the end of the first quarter of the current year, the insurance company receives only one-quarter of the annual premium, instead of the whole. It has insured the deceased for a year, subject to his voluntary default. He has died, and the policy is earned. He should pay the whole year's premium therefor, but has only paid one quarter's premium. To meet this injustice, the proviso is introduced that, if the insured should happen to die before the whole of said quarterly payments shall become due, then the company shall be entitled to deduct premiums for all the subsequent quarters of that current year from the amount of the policy. That proviso is not meant to apply to the case of a defaulted payment, but only to a case where the payments are regularly made as they become due, and where all the installments have not become due on the death of the insured. In this case there was a failure to pay a quarterly installment on the day fixed. As a consequence, the policy became forfeited, and all liability thereon ceased.''

In *Howard* v. *Continental Life Insurance Co.,* 48 Cal. 229, a similar question was involved, and the court there said:

''We agree that it was intended—in case of the death of the assured before one or both of the postponed installments would have become due, had he continued to live—that the company should deduct, from the

amount insured, the balance unpaid of the year's premium. But we do not think that, as a consequence of this right reserved by the insurers, the assured was relieved of the necessity of paying any installment, when it was agreed it should be paid. The company was authorized to deduct any installment not due at the death, but was not compelled to pay the sum insured, with the right to deduct an installment overdue when death occurred.''

In Joyce on Insurance, vol. 2, par. 1108, the rule is announced that:

''If the stipulation is that the annual premium shall be paid quarterly in advance upon specified days or the policy shall be forfeited, the party will be held strictly to the performance of such condition, and the contract will be determined by nonpayment as stipulated, unless such condition is legally modified or waived by the insurer. . . . And the rule obtains, although the policy stipulates that if the assured shall pay the annual premium when due, the company shall be liable, and also that, if the whole of the quarterly premium shall not have been paid when the assured dies, the company may deduct the whole unpaid balance of that year's premium from the amount of the policy.''

The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellant.

*Reversed, and judgment for appellant.*