LAMB *v.* AETNA LIFE INS. CO. OF HARTFORD, CONN.

(*Nashville*, December Term, 1939.)

Opinion filed March 2, 1940.

Guild & Guild, of Nashville, for complainant.

Farmer, Denney & Leftwich, of Nashville, for defendant.

Mr. Justice DeHaven delivered the opinion of the Court.

This case is before the court on the appeal of complainant, Mrs. Maggie Dodd Lamb, from the decree of the chancellor sustaining defendant's demurrer to the bill and dismissing the same.

It appears from the bill that on August 26, 1929, defendant, Aetna Life Insurance Company of Hartford, Connecticut, issued to Charles Ira Lamb a "seven year term non-participating policy," upon his life, in the sum of $25,000 with double indemnity in the event of death caused by accidental means. Complainant, the wife of insured, was named as beneficiary. The insured died, it is alleged, on June 14, 1933, as the result of an accident.

The sole question for determination is whether the policy was in force and effect at the time of the death of the insured. The provisions contained in the policy with reference to the payment of premiums are as follows:

"The foregoing agreement is made in consideration of the quarterly premium on One Hundred Eighteen Dollars and no cents to be paid to the Company on or before the twenty-sixth day of August, November, February and May in each and every year during the term of

seven years from the date hereof or until the prior death of the insured.''

It is alleged in the bill that premium payments due February 26, 1933, and May 26, 1933, were not paid. That upon demand, defendant refused to pay anything on the policy upon the ground that it had lapsed on account of non-payment of the February 26, 1933, quarterly premium.

■■ The policy provides in section 4 thereof:

''All premiums shall be paid in advance at the Home Office of the Company, . . . If any such premium is not paid when due, this policy shall cease, except that a grace of thirty-one days, during which the policy shall remain in full force, will be allowed for the payment of any premium after the first. If death occurs within the grace period, the premium, if unpaid, will be deducted from the amount payable hereunder.''

Under the above provision of the policy, the insured having defaulted in the payment, of the premium due February 26, 1933, and such default having continued for more than thirty-one days, the insurance ceased.

The policy further provides:

''At any time after default in any premium payment, if this policy has not been surrendered, it may be reinstated upon evidence of insurability satisfactory to the Company and by payment of arrears of premiums with interest at the rate of six per cent. per annum.''

It is not alleged in the bill that the policy was reinstated.

The final clause of the policy is as follows:

''Any unpaid premium for the policy year in which the death of the insured occurs shall be considered as an indebtedness to the Company, and shall be deducted from any settlement hereunder.''

It is insisted for complainant that under the above clause of the policy the company extended credit to the insured for the whole premiums in any one year during the life thereof. Hence, it is argued that the company is legally obligated to pay the loss, after deducting therefrom the amount of the premiums accrued during the year of 1933.

The contract must be construed as a whole. The final clause cannot be construed as though it stood alone. It must be construed in the light of all other provisions of the contract. When so construed, the final clause is not in conflict with paragraph 4. The two can stand together. Under paragraph 4 the insurance shall cease on default in the payment of any of the quarterly premiums. It can readily be seen that the insured might die within the thirty one days of grace. In such case, as provided in paragraph 4, the premium, if unpaid, will be deducted from the insurance. Under the final clause, any unpaid premiums "for the policy year" in which the death of the insured occurs shall be considered as an indebtedness to be deducted from any settlement under the policy. This must be construed as referring to the like deduction provided for in paragraph 4. Death within the grace period creates an indebtedness to the company for the quarterly premium.

As bearing on the intention of the parties, it cannot be considered that after specifically providing for quarterly payments of the premium, and the result of default in such payments, that credit was extended to the insured for the whole year's premium, to be deducted if the insured died within the year. Such a construction would enable the insured to get a whole years' insurance for nothing, if he elected not to make the quarterly payments and did not die within the year. Such a possibility was

not within the contemplation of the parties, as gathered from the four corners of the contract of insurance.

The case of *Tompson* v. *Fidelity Mut. Life Insurance Co.*, 116 Tenn., 557, 92 S. W., 1098, 1099, 6 L. R. A. (N. S.), 1039, 115 Am. St. Rep., 823, is on its facts quite similar to the case at bar. In the Thompson case the policy provided for quarterly payment of premiums. The company agreed that if the premiums were paid when due, it would pay the face value of the policy "less the balance of the dues for the current year of the death of the insured, and any indebtedness of the member to said association, subject, however, to all the requirements hereafter stated, and the conditions herein indorsed, which are hereby referred to and made a material part of this contract.

"▇ Provided, any moneys required to be paid under this policy, during the continuance of this contract, must be actually paid when due to said association; . . . otherwise, this policy shall be ipso facto null and void, and all moneys paid thereon shall be forfeited to the said association."

The insured died in default in the payment of the premium due December 30, 1904. It was insisted that under the policy the company had absolute right to collect all of the premium due on the policy within any current year from its anniversary, notwithstanding the insured might die during the year and before some of the installments fell due, and having this right it was bound to give to the insured a corresponding right to insurance for the whole of the current year. The court said:

"We think this contention cannot be maintained . . . The contract rightfully construed is that upon the death of the insured, while the policy is in an existing contract, i. e., when the premiums are regularly paid

when due, the insurer shall have the right to deduct any accruing payment for the current year not then due. In other words the right to deduct from the face of the policy the installments not due attaches only where the insured regularly meets his payments at maturity, and dies before all of the payments for the current year become due. In case of a default of any moneys due under the contract, it ipso facto becomes null and void."

The court went on to say:

"Concede that it is an annual insurance, still, is an annual insurance with the payments to be made quarterly? It is expressly provided that a failure to make any payment when due will work a forfeiture; hence the annual insurance is subject to the voluntary default of the insured. . . . At the end of any quarter there is no obligation imposed upon the insured to pay the next succeeding quarter; his failure to pay works a forfeiture of his contract, but the company cannot compel him to pay the remaining installments."

The court further stated:

"The fallacy in the contention of counsel for complainant lies in his claim that the insured was entitled to one year's insurance from March, 1904 (anniversary of policy), absolutely. Whereas, the contract is that he is entitled to such insurance only upon the condition that he pays his premiums when due."

In the Mississippi case of *New York Life Ins. Co.* v. *Morris*, 137 Miss., 101, 102 So., 71, the court quoted the Thompson case with approval. To like effect, see *Elms* v. *Mutual Benefit Life Ins. Co.*, 211 Mo. App., 514, 231 S. W., 653; *John Hancock Mutual Life Ins. Co.* v. *Chevillon*, 7 Cir., 45 F. (2d), 980; *Serabian* v. *Metropolitan Life Ins. Co.* (Mo. App.), 17 S. W. (2d), 646 (quoting with approval from our Thompson case); *McConnell* v.

*Provident Savings Life Assurance Society,* 6 Cir., 92 F., 769; *Young* v. *Northwestern Mutual Life Ins. Co.,* 40 Ariz., 340, 12 P. (2d), 285 (quoting with approval from our Thompson case); *French* v. *Continental Assur. Co.,* 227 Wis., 203, 278 N. W., 388.

Counsel for complainant seeks to distinguish *Thompson* v. *Fidelity Mut. Life Insurance Company, supra,* from the instant case on the grounds (1) that the Thompson case was decided before the enactment of Chapter 457, Acts 1907, section 1 of which (Code 6179(3)) requires that the policy shall constitute the entire contract, and (2) section 2(4) of which (Code 6180(4)) prohibits settlement at less amount than "the amount insured by the policy, plus dividend additions, if any, less any indebtedness to the company on the policy and less any premium that may by the terms of the policy be deducted, payments to be made in accordance with the terms of the policy." We are unable to see the relevancy of the two above noted sections of the Act of 1907 to the facts of the Thompson case, or to the case at bar, other than under section 2(4) (Code 6180(4)) settlement is made less any indebtedness due the company and less any premiums that may by the terms of the policy be deducted. Certainly, the above provisions of the Act of 1907 could not have in any way affected the decision in the Thompson case, had they been in existence at that date.

It is sought to distinguish the Thompson case on the further grounds that provision for deduction of unpaid dues for the current year, was upon the express condition that it was subject to all of the requirements of the policy, whereas in the policy here in question the two clauses (paragraph 4 and the final clause) are widely separated and disconnected, without reference to each other, and the final clause is unconditional in providing

that any unpaid premium for the policy year in which death of the insured occurs shall be considered an indebtedness due the company and shall be deducted from any settlement under the policy.

We think the final clause of the policy, when related to paragraph 4, is governed by the forfeiture clause contained therein. The following agreement appears in the policy:

"This policy is issued and accepted subject to all the conditions, benefits and privileges described on the following pages, which are hereby made a part of this contract."

The policy carried an express provision for forfeiture on non-payment for thirty-one days of a quarterly premium. The insured did not pay the premium due February 26, 1935. His agreement was that in such an event the insurance should cease. He died, but not within the grace period. The beneficiary has no valid claim against defendant. The decree of the chancellor is affirmed. Complainant will pay the costs of the appeal.