PENNSYLVANIA CASUALTY CO. v. BACON.

(Circuit Court of Appeals, Second Circuit. November 25, 1904.)

No. 53.

1. ACCIDENT INSURANCE—PREMIUMS—PAYMENT—WAIVER.

Deceased accepted an accident policy, providing that it should not take effect unless the premium was actually paid prior to any accident on which claim was made, and that no waiver of the contract should be binding on the insurer unless indorsed on or attached to the policy, and signed by the president or secretary of the company. *Held*, that where the insurer did not charge premiums on policies to its agents until they

were actually received, a subagent had no authority to accept a note from deceased in lieu of cash for the first premium, and to thereby waive the provisions of the policy.

In Error to the Circuit Court of the United States for the District of Vermont.

James L. Martin, for plaintiff in error.
James F. Hooker, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The defendant in the court below brings this writ of error to review a judgment for the plaintiff entered upon the verdict of a jury. The principal assignment of error is based upon the ruling of the trial judge in refusing to direct the jury to find a verdict for the defendant upon the ground that the insurance policy upon which the suit was brought had never become operative because no premium had been paid thereon.

The policy, which was one of accident insurance, was based upon the application of one Randall, and provided, among other things, for the payment by the defendant, in the event of Randall's death resulting from sunstroke, of $5,000 to his wife or legal representatives. It contained also the following conditions:

"This policy shall not take effect unless the premium is actually paid previous to any accident upon which claim is made. * * * This contract is made and accepted by the assured subject to the foregoing stipulations and conditions, and no waiver, alteration or modification of this contract shall be binding upon the company unless the same is endorsed hereon or attached hereto and signed by the president or secretary of the company."

It appeared upon the trial that the policy was issued by the defendant and delivered to Randall for his examination and approval after negotiations between him and one Shelley, who was a subagent of the state agent of the defendant; that shortly thereafter, and on May 5, 1901, Shelley accepted from Randall, in lieu of the first premium payable by the policy, Randall's promissory note payable to Shelley one month from date; that no part of the note was paid in Randall's lifetime; that on July 11, 1901, Randall died, his death resulting from sunstroke (according to some of the evidence), and immediately thereafter the plaintiff, who was afterwards appointed administrator of Randall's estate, sent his check to Shelley for the amount of the note; and that Shelley, in ignorance of the death of Randall, collected the check, but immediately upon learning the facts offered to return the amount thereof to the plaintiff, and the latter refused to receive it. No evidence was offered upon the trial tending to show that the defendant had ever expressly or impliedly authorized Shelley to accept anything but money in the payment of premiums, or ratified his act in doing so in the present instance. The trial judge instructed the jury that if by the agreement between Shelley and Randall the note was accepted as payment of the premium, and Shelley undertook to pay the premium to the defendant, the defendant became liable upon the policy.

The adjudged cases decide that general agents of insurance companies have authority to waive conditions in the policies declaring, in

substance, that the policy shall not take effect until the payment of the premium, and hold that the delivery of the policy to the assured, with an agreement to give credit for the premium, is such a waiver; and many of them hold this to be so notwithstanding the policy provides that its terms shall not be waived or modified by an agent without the approval of some officer of the company. The cases in the federal courts which have sanctioned this ruling were those in which it appeared that the instructions of the company to its general agents were, in substance, that it would hold them personally responsible for such premiums (Miller v. Life Ins. Co., 12 Wall. 282, 20 L. Ed. 398; Smith v. Provident Saving Society, 31 U. S. App. 163, 65 Fed. 765, 13 C. C. A. 284), or where it appeared that it was the practice of the company to charge the premium to the agent at the time of delivering to him the premium receipt (Fidelity Company v. Getty's Administrators, 39 U. S. App. 599, 80 Fed. 497, 25 C. C. A. 593).

These adjudications are not controlling in the present case, because the powers of subagents of the general agents of insurance companies are not commensurate with those of the general agents, and because it appears here that it was the practice of the company not to charge its agents with premiums until they were actually remitted. The present policy not only provided that it should not take effect unless the payment should actually have been made, but it also provided that no waiver or modification of its provisions should be effectual unless evidenced in writing over the signature of the president or secretary of the company. Thus in plain terms it informed the assured of the limitation of the agent's powers, and that any modification by him alone of the requirement in respect to payment would not be recognized by the company. Undoubtedly the company itself could waive or disregard either or both of these provisions, but evidence that the agent had promised to do so was not alone sufficient. Knickerbocker Life Ins. Co. v. Norton, 96 U. S. 234, 24 L. Ed. 689. In the recent case of Northern Assur. Co. v. Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, the general subject of the power of agents to waive conditions inserted in insurance policies was exhaustively considered, and it was decided that it is reasonable and competent for insurance companies to make it a matter of condition in their policies that any consent by an agent to waive or modify any of the express terms of the policy shall be manifested in writing by one of its officers, and that when such a condition is inserted in the policy such a limited grant of authority is the measure of the agent's power, and any modification or waiver by him not thus manifested is ineffectual, and does not bind the company unless it is shown that he had express authority to dispense with the condition, or that the company subsequently, with knowledge of the facts, ratified his action. Giving effect to this decision as the latest expression of the law which should control the federal courts applicable to the question now presented, we conclude that the trial judge erred in refusing to instruct the jury as requested by the defendant.

The judgment is accordingly reversed.