## ÆTNA LIFE INS. CO. v. JOHNSON.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1926.)

No. 7078.

1. **Insurance ⬅137(2)—Generally no recovery can be had on policy, first premium on which is unpaid on death of insured, unless payment was waived by insurer.**

Recovery cannot generally be had on a policy not to take effect until first premium is paid, when it appears that premium was unpaid at date of death of insured, unless payment was waived by insurer.

2. **Insurance ⬅141(2)—Agent, unless so authorized, cannot waive requirement that first premium of policy be paid before it becomes effective.**

When policy provides that no person, except designated officers, may alter or waive provisions thereof, an agent cannot waive requirement that first premium be paid before policy goes into effect, unless insurer authorizes such waiver.

3. **Courts ⬅372(1).**

Decisions of state courts do not control decisions of federal courts on questions of general jurisprudence.

4. **Insurance ⬅141(2)—Delivery of policy on insured's oral promise to pay held unauthorized, and not waiver of requirement that first premium be paid before policy became effective.**

Insurance agent held not authorized to deliver policy on insured's oral promise to pay first premium within a few days, and thereby waive requirement that first premium be paid before policy became effective, notwithstanding 'rule authorizing agent to accept note in payment.

5. **Insurance ⬅665(8)—Evidence held insufficient to establish method of doing business, constituting waiver of requirement that first premium be paid before policy became effective.**

Evidence held insufficient to show a method of doing business between insurer and its agents, constituting a waiver of requirement that first premium be paid before policy became effective.

In Error to the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Action by Minnie Johnson against the Ætna Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial ordered.

Herbert G. Nilles, of Fargo, N. D. (Aubrey Lawrence and M. W. Murphy, both of Fargo, N. D., on the brief), for plaintiff in error.

George W. Thorp, of Fargo, N. D. (Carr & Rittgers, of Jamestown, N. D., and Divet, Holt, Frame & Thorp, of Fargo, N. D., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

MUNGER, District Judge. Andrew H. Johnson, hereafter called the insured, applied to the agents of the plaintiff in error, hereafter called the insurance company, or insurer, for a policy of insurance upon his life, payable to his widow in case of his death. The policy was issued by the insurance company. After the death of her husband the defendant in error brought suit upon the policy and received a judgment. This error proceeding seeks a reversal of that judgment.

The application was in writing and was signed by the insured. It contained this provision: "I also acknowledge that all policies and agreements made by said Ætna Life Insurance Company are signed by one or more of the executive officers, and that no agent or other person not an executive officer can grant insurance, or waive any condition of its policies, or make any agreement which shall be binding upon said company." The policy provided that the application was made a part of the policy contract, and that the policy and application should constitute the entire contract between the parties. It recited that the agreement to insure was made in consideration of the annual premium of $238.26, to be paid to the company at its home office, or to its agent, at or before 5 o'clock p. m. of the 26th day of January in each and every year. It also contained this

provision: "This policy shall not take effect until the first premium thereon shall have been actually paid, during the good health of the insured, a receipt for which payments shall be the delivery of the policy."

It appeared from the evidence that the insured died before making any payment of the premium, and the effect of that failure is the chief question involved in this proceeding. The insurance company had its general offices in Connecticut. It had a general agent for North Dakota at Fargo, in that state, who was designated as the manager. The manager appointed subagents or soliciting agents, and among them had appointed Blewett & Severn, of Jamestown, N. D. The application of the insured was accepted by the insurance company, and the policy, bearing date of January 26, 1921, was mailed to the manager at Fargo, and by him it was transmitted to Blewett & Severn, at Jamestown. Mr. Severn notified the insured that he had the policy, but, upon his failure to call for it Mr. Severn, on January 31, 1921, drove out to the farm where the insured resided. In a prior conversation the insured had told Mr. Severn that he expected to receive some money very soon as the proceeds of a sale of some land in Minnesota. When Mr. Severn met the insured at his farm on January 31, he handed the policy to the insured and asked him if he had received his money. The insured said he had not, because of some delay in the completion of the sale of the Minnesota land, but that he had received word that the money would be coming in a short time, possibly in a day or two, at least in a week's time, and that he had no doubt that he would receive the money by March 1st. Mr. Severn testified that there was some further conversation with the insured, as follows: "I told him that possibly he had better sign a note for it, because he wasn't sure when he would be in with the money, and he said, as long as it would be only a day or two, it would be as well to let the matter rest as it was; there wasn't any question he would be in by March 1st with the money, and I told him it would be all right." Mr. Severn told the insured that the policy was in effect. The insured then told Mr. Severn that he had no place to keep the policy at the farm, and asked Mr. Severn to take the policy and to put it in his safe for the insured, and Mr. Severn consented to do this and took the policy back to his office with him. The insured died on February 28, 1921.

At the close of the trial, when these facts had been proved, the insurance company asked the court to direct a verdict in favor of the company, and assigns as error the refusal of that request. The case was submitted to the jury, with instructions by the court that, as a matter of law, Blewett & Severn had authority to waive the payment in cash or by note of the premium, and to extend the time for its payment to March 1, 1921, upon the verbal promise of the insured that he would pay the premium at that time.

[1] It is a rule generally adopted in the United States courts that, if a policy of life insurance provides that it is not to take effect until the first premium is paid, recovery cannot be had upon the policy, when it appears that the premium was unpaid at the date of the death of the insured, unless it appears that payment was waived by action of the insuring company.

[2,3] A waiver of this requirement cannot be made by an agent of the insurance company, when the policy provides that no person except other designated officers of the insurance company may alter or waive any provision of the policy, unless the insuring company has authorized the waiver to be made. Mutual Reserve Fund Life Ass'n v. Simmons, 107 F. 418, 422, 424, 46 C. C. A. 393; Pennsylvania Casualty Co. v. Bacon, 133 F. 907, 909, 67 C. C. A. 497; MacKelvie v. Mutual Ben. Life Ins. Co. (C. C. A.) 287 F. 660, 663. While decisions of state courts may be found that are not in harmony with these principles, such decisions do not control the decisions of the courts of the United States upon questions of general jurisprudence. Carpenter v. Providence Washington Insurance Company, 16 Pet. 495, 511, 10 L. Ed. 1044; Ætna Life Ins. Co. v. Moore, 231 U. S. 543, 559, 34 S. Ct. 186, 58 L. Ed. 356. The evidence in this case shows that no payment of any part of the first premium was made by or on behalf of the insured. The conversation that occurred at the time of the manual delivery of the policy to the insured shows that there was merely an implied promise by the insured to pay this amount of the first premium at some indefinite date in the future.

[4] It is claimed by the defendant in error that, even if the premium was not paid, the payment was waived by the company. It was shown by the evidence that the insurance company had issued a book containing instructions for soliciting agents, and that the manager for North Dakota had furnished a copy of it to Blewett & Severn. In these instructions agents were advised that they could receive premiums on policies issued on applications made to them, but that they could not waive or alter any of the conditions in poli-

cies. A portion of the instructions was as follows:

"Agents are not advised to accept notes in payment of first premiums, but are permitted to do so with the understanding that the manager will report the premium in full within 90 days of the date of the medical examination, unless the policy is returned for credit. The company will not assume any responsibility for the payment of such notes. They must not be taken in the company's name, and whenever a note is discounted, as well as in every other case where cash is received for a premium, payment must be made to the company in the first report rendered thereafter, but notes must not be discounted before the policies have been issued."

It is conceded by the insurer that Blewett & Severn had authority to take notes in payment of the first premiums, in accordance with these instructions. No note was taken for the first premium on the policy and sued upon, but the defendant in error asserts that, because the agents had authority to take a note for the premium, payable to themselves, they could waive the making of the note, and could accept the oral promise of the insured; they assert that the acceptance of either a note or an oral promise was a matter of concern only to the agents, as they became debtors of the insurer in either event. It is not necessary to consider the effect of allowing such agents the privilege of accepting payment for the first premium in land, horses, automobiles, or such other articles as they deemed proper (see Hoffman v. Hancock Mut. Life Ins. Co., 92 U. S. 161, 165, 23 L. Ed. 539), because the authority of the agents is to be found in the written contract of agency made by them with the insurer and in the printed instructions issued by the insurer, by which they had agreed to be bound, and the authorization of an acceptance of notes did not authorize an acceptance of an oral promise.

The book of instructions authorized agents to deliver policies at any time within 60 days from the date of the policies, if the applicants were in sound health; but agents were advised that policies could not be delivered unless settlement had been obtained for the first premium. If no settlement, by cash or note, had been taken for the first premium, the insurer allowed an additional time for delivery, not to exceed 90 days from the date of the medical examination, on condition that the agent obtained for the insurer a satisfactory certificate, signed by the applicant, on a form prescribed by the insurer, before the premium was accepted and the policy was delivered. In the instructions is found this provision:

"In every case where the agent is unable to deliver the policy within 90 days after the date of the medical examination, the policy must be returned at once. If no settlement has been taken for the first premium, and the policy is accompanied by satisfactory form 113, the manager will be given credit. If, however, any portion of the premium has been paid, either in cash, note, or other consideration, credit will not be given unless the company is furnished with satisfactory release. Where any portion of the premium has been paid and the policy is returned without satisfactory form 139 or 139–A, the cost of the risk will be charged."

The defendant in error makes the claim that the words "or other consideration," found in this instruction, gave implied authority to agents to accept other things than money or notes for the first premium. It is to be noted that the credit that is to be given or withheld is a credit to the manager, and not to the soliciting agents; but this portion of the instruction does not authorize the acceptance of "other consideration" than money or notes. Instead of such authorization, it penalizes the manager if such consideration has been taken. It attempts to protect the insurer because of such unauthorized acts, if they have occurred, and this provision, when read in connection with the other instructions, gives no authority for the acceptance of anything in payment of the first premium, except notes, or money, or its equivalent, such as bank checks or drafts.

[5] A further claim is made on behalf of defendant in error that the insurer waived the payment in money of the first premium by its method of doing business with its agents, Blewett & Severn. It is claimed that the insurer held the agents responsible for the premiums, and charged the amount of this particular premium to their account, and that this practice authorized the agents to deliver the policy. In support of this proposition are cited the cases of Miller v. Life Insurance Co., 12 Wall. 285, 20 L. Ed. 398, Smith v. Provident Sav. Life Assur. Soc., 65 F. 765, 13 C. C. A. 284, and Fidelity & Casualty Co. v. Willey, 80 F. 497, 25 C. C. A. 593. In Miller v. Life Ins. Co., it appears (page 298) that the insurance company's instructions to its agents were that, if they delivered policies before the premium was paid, the premium would stand charged to the agents, and because credit for the premium was given by

the general agent, and the amount was charged to him by the company, the transaction was regarded as equivalent to payment. In Smith v. Provident Sav. Life Assur. Soc., it was held that the authority of a general agent to deliver a policy, giving credit for the amount of the first premium, could be inferred from a provision in the agency contract that "agents crediting * * * premiums not actually received do so at their own risk, and must look to the policy holder for reimbursement. The society does not ask or desire you to take this risk." In Fidelity & Casualty Co. v. Willey, it was held that a provision in a policy that it should not take effect until the premium was paid was waived on a renewal of the policy, by a course of dealing between the company and its agent, whereby the renewal receipts were transmitted to the agent, and the company charged the amount of premiums to the agent.

We are unable to find in the agency contract in this case with Blewett & Severn, or in the instructions given them by the insurer, any grant of authority to extend credit for the amount of first premiums received. There is no evidence of any practice by the agents of the insurer to give such credit. Nor do we find that the insurer charged to the agents the amount of premiums on policies sent to them for delivery, or held them personally responsible for the premiums. By the terms of the contract between the manager and Blewett & Severn, the agents were to be credited with every application for new insurance, and were responsible to the manager for all policies and papers delivered to them, and agreed to hold all money collected for premiums as a trust fund. No evidence was given to show the state of accounts between Blewett & Severn and the company, or the manager, or to show that premiums were charged to agents when policies were forwarded for delivery, or at any other time. Mr. Severn, as a witness, was asked the following question and gave the answer following the question:

"Q. So far as you know, Mr. Severn, no credit was ever extended to you upon this policy, was there, by the company, or any charge made against you, for the amount due under this policy, so far as you know? A. I had a letter from the company—I don't recall the wording of it—where they billed me for the amount, or notified me what it was."

The witness said that he thought that he had the letter, but it was not produced at the trial, and date of the letter was not given. The answer left it uncertain whether or not

the insurance company sent a bill to Blewett & Severn, charging them as debtors to the insurance company, and left it uncertain whether any claim against the agents was made. The evidence on behalf of the defendant in error was not sufficient to show any authorization given to Blewett & Severn by the insurer, permitting them to waive the payment of the first premium on the policy, and the instruction requested by the plaintiff in error for a directed verdict should have been given. This conclusion makes it unnecessary to notice other errors assigned.

The judgment will be reversed, and a new trial ordered.