McCONNELL v. SOUTHERN STATES LIFE
INS. CO.

District Court, W. D. Louisiana, Shreveport
Division. February 28, 1928.

No. 1659.

1. Insurance ⚖646(5)—Insurer has burden of
proving facts avoiding binding receipt for first
premium.

Insurer has burden of proving facts avoiding binding receipt for amount of first premium pending delivery of policy.

2. Insurance ⚖646(5)—Plaintiff, suing to recover insurance, has burden of proving insurer's waiver of requirements of binding receipt.

Where allegations of petition in suit to recover insurance showed that requirements of binding receipt issued pending delivery of policy were not complied with, plaintiff then had burden of alleging and proving insurer's waiver of such requirements.

3. Insurance ⚖141(3)—Insurer issuing receipt held not liable, where insured, instead of paying full amount of first premium, executed note.

Where insured at time of applying for insurance failed to pay full amount of premium as required by policy, in that he executed a note for a part thereof, and promised to pay part constituting agent's commission in the future, insurer was not liable, though issuing binding receipt pending delivery of policy.

At Law. Suit by Mrs. Katherine McConnell against the Southern States Life Insurance Company, removed from state court. Decree for defendant.

C. H. Lyons, of Shreveport, La., for plaintiff.

Thatcher, Browne, Porteus & Myers, of Shreveport, La., and Bryan & Middlebrooks, of Atlanta, Ga., for defendant.

DAWKINS, District Judge. Plaintiff brought this suit in the state court, alleging that her husband, John J. McConnell, now deceased, on or about June 22, 1922, executed a written application for a policy of insurance with the defendant company in the sum of $5,000, with petitioner as beneficiary; that about the same date her said husband passed a satisfactory physical examination under the requirements of said company; that he delivered to M. J. Fortier, the local agent who took said application, a promissory note, payable to the maker's own order and indorsed by him, for the sum of $70, due October 1, 1922, which was discounted by the said agent at a bank in the city of Shreveport and remittance made to the defendant for said sum to cover its portion of the premium due under the application; that the part of the premium coming to said agent,

to wit, $16.35, petitioner's said husband "agreed to pay to said agent within a short time"; that the agent delivered to deceased the "binding receipt" of the defendant company, No. 98652, for the full amount of the first premium of $86.35, which receipt had since been lost, and plaintiff attached to her petition an identical form, with the words and figures filled in to correspond with the original; that in due course the defendant issued in favor of petitioner its policy No. 77521 for the said sum of $5,000, and sent it to said agent at Shreveport for delivery to deceased, but that, notwithstanding several attempts were made, it was never delivered to the said J. J. McConnell, because of his absence from the city of Shreveport.

Petitioner also attached to her petition what she alleged was an identical blank form of said policy, the original being still in the possession of defendant, and averred that her said husband died on September 13, 1926, before said policy could be delivered. (It will be noted that the petition, as copied and brought up from the state court, alleges the examination was made, the note executed, and the binding receipt given in June, 1922, but I assume this to be a typographical error because the note attached to the petition bears date June 22, 1926). The plaintiff prayed that as beneficiary she be awarded the full amount of said policy. The case was removed here because of diverse citizenship.

Defendant demurred to said petition, upon the ground that it sets forth no cause of action. For the purposes of the demurrer it was agreed that the form of receipt and policy attached to the petition, as well as of the application for insurance filed by defendant, were true copies of the originals.

Briefly stated, it is the contention of defendant that, in view of the allegations of the petition that the deceased did not actually pay in cash any part of the premium of $86.35, acknowledged in the binding receipt, but executed his note for $70, due October 1, 1926, and the agent agreed to give additional time for the payment of the $16.35, which facts were unknown to defendant when it accepted the application and issued the policy, which was never actually delivered, there was no contract, and it never became bound as an insurer.

In the application for the policy it was provided:

"I hereby agree * * * that no other statements, representations, or information made or given by or to the person soliciting or taking my application for insurance, or any other person, shall be binding on said

company unless the same be reduced to writing and made a part of said application. And I further agree that any policy issued thereon shall not take effect *unless and until the first premium shall have* been actually paid to the company and the policy delivered to me during my life time and continued good health, except that, when the premium has been paid in advance to an authorized agent of the company, and a *binding receipt on the company's authorized form has been given by such agent,* the liability of the company shall be as stated in such binding receipt, and that I will accept and pay for said policy, if same be issued as applied for. I agree that *no person,* whether agent of the company or otherwise, who may deliver to me a policy, is authorized to determine whether I am then in good health, nor does the company by such delivery of said policy to me determine that question, but such delivery and the taking effect of said policy is subject to the existence of my continued good health, which by receiving the said policy I represent to have been unchanged."

The premium receipt contains the following provision:

"The agent must not detach this receipt, except for a first-year premium collected at the time of taking the application. To be given only if amount paid in cash is at least equal to premium for two months. The agent collecting on this receipt has no authority to collect for more than the first premium; * * * the said insurance to be effective from date of medical examination, subject to the provisions of the policy applied for. * * * If the sum paid is less than the first premium under the policy, the remainder of the first premium may be paid by note, or notes, due within sixty days from the date of the medical examination. * * * No other form of receipt for advance payments of premium will be recognized by the company."

There also appears in the policy these clauses:

"The policy shall not take effect until it has been actually delivered to and accepted by the insured, nor until the first premium shall have been actually paid while the insured is alive and in good health. Possession of the policy shall not be construed as a waiver of these conditions. All premiums are payable annually in advance at the general office of the company, in Atlanta, Georgia, but may be paid elsewhere to an authorized agent of the company in exchange for a receipt signed by the president or secretary, and countersigned by the agent named therein. Any premium due hereunder may be paid semiannually or quarterly, at the option of the insured, in accordance with the company's tables of semiannual and quarterly premiums. Failure to pay any premium when due shall avoid the policy, except as herein otherwise specially provided."

"No agent is authorized to alter this contract. No modification hereof shall be made, except over the signatures of the president and secretary."

[1-3] From the above it will be seen that the petition does not allege the payment of the full amount of the first premium of $86.35, as recited in the binding receipt, and as required by the policy, but that, instead, the deceased executed and delivered his note, dated June 22, 1926, payable to his own order and indorsed, due October 1, 1926, for $70, and the agent agreed to wait "a short time" on the insured for the $16.85, which it is alleged was the agent's part of the premium. This, I think, brings the present case within the ruling of Union Central Life Insurance Co. v. Robinson, 148 F. 358, 8 L. R. A. (N. S.) 883, decided by the Circuit Court of Appeals for this (the Fifth) Circuit. The difference is only one of degree. There the agent was, under his contract of employment, entitled to receive one-half of the premium, but agreed in effect to donate the same to the insured, and the portion claimed to be due the company was represented by a note likewise discounted and remitted to the company. The insured died shortly afterwards, and before the policy was issued, but the beneficiary paid the note before its maturity. The excerpts from the application, binding receipt, and policy above quoted, I think, show the limitations upon the powers of the agent, and do not warrant his waiving or deferring any part of the first premium, except as therein provided. See, also, MacKelvie v. Mutual Benefit Life Insurance Co. (C. C. A.) 287 F. 660; Ætna Life Insurance Co. v. Johnson (C. C. A.) 13 F.(2d) 824.

The policy required that, if notes were taken for the first premium, they should mature within 60 days; but the deceased gave a note, not for the full amount of the premium of $86.35, but for $70, dated June 22, 1926, and due October 1st of the same year, or 3 months and 8 days thereafter. It is true that the note was discounted and the net amount of $70 remitted to the company; but I do not think this can affect the result. McConnell was bound to take notice of the requirements which were expressed in the binding receipt. The company could not be charged with notice to the agent of a varia-

tion in this respect, and while the burden is upon it to prove facts avoiding the receipt, it clearly appears from the allegations of the petition that its requirements were not complied with, and I think the responsibility was thereby shifted to petitioner to allege and prove the company's waiver of said requirements. No such waiver has been alleged, or notice of these facts to the company, except through the agent, whose interest was adverse to those of his principal, in acting without and beyond the written requirements of the application, receipt, and policy. See authorities above cited.

My conclusion is that the defendant was not bound, in view of the allegations of the petition, and that the demurrer should be sustained. Appropriate decree may be presented.