## McCONNELL v. SOUTHERN STATES LIFE INS. CO.

Circuit Court of Appeals, Fifth Circuit.
April 1, 1929.

No. 5345.

C. H. Lyons, of Shreveport, La., for appellant.

Shepard Bryan, of Atlanta, Ga., F. G. Thatcher, of Shreveport, La., and Chauncey Middlebrooks and W. Colquitt Carter, both of Atlanta, Ga. (Bryan & Middlebrooks, of Atlanta, Ga., and Thatcher, Browne, Porteous & Myers, of Shreveport, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing a suit, brought by the beneficiary to recover on a policy of life insurance, on an exception of no cause of action. The material allegations of the petition are set out in the opinion of the District Court, 26 F.(2d) 499, and need not be repeated.

Briefly stated, the material facts shown by the petition and exhibits are these: The insured applied for a policy of $5,000 and passed the required physical examination. The first premium was $86.35. The insured gave his note for $70, which was discounted at a bank in Shreveport by the agent, and the cash was remitted to the company. The balance, $16.35 was the agent's commission, and this the insured agreed to pay the agent within a few days. The agent issued a binding receipt for the first premium, which recited that the total premium had been paid in cash. The receipt contained the following conditions: That the agent had no authority to collect more than the first premium, nothing being said about collecting less; that it was to be given only if the amount paid in cash was at least equal to the premium for two months; that if the sum paid was less than the first premium under the policy, the remainder of the first premium might be paid by note or notes due within 60 days from the date of the medical examination; that if the insurance was declined the amount paid would be returned. The company accepted the application and issued the policy. Several attempts were made to deliver it to the insured but failed because of his absence from Shreveport. He in turn attempted to secure the policy, but was prevented by the agent's absence from that city. The policy had not in fact been actually delivered at the time the insured died, which was within a few months after an application was accepted.

716

The District Court rested his conclusions mainly on our decision in the case of Union Central Life Insurance Co. v. Robinson, 148 F. 358, 8 L. R. A. (N. S.) 883. We disclaim any intention to depart from the principles announced in that case, but we do not think it is conclusive in this case, as the facts are materially different.

In the Robinson Case, supra, a binding receipt was issued by the agent. The provision of the receipt was that unless the application for insurance was approved and accepted by the company, the agreement in the receipt was null and void and the amount acknowledged therein was to be returned upon surrender of the receipt. The receipt acknowledged the payment of the full premium in cash, but in fact the agent had agreed to accept a note for one half of the premium, and he donated the other half, which was his usual commission, to the insured. Under the terms of his agency, the money received by him for the first premium was to be held by him in trust for the insured until the application for the insurance was approved and accepted by the company, until which time he had no interest whatever in the premiums. The company defended on the ground that the application for insurance was never approved and accepted and tendered back the premium. The company also contended that the agent was without authority to bind the company by taking a note for one half the premium and donating his commission for the other half. The case was tried to a jury, and the only error considered on appeal was that assigned to a portion of the judge's general charge which was as follows: "I state to you, gentlemen, that notice to an agent of any matter connected with the agency is notice to the principal." Manifestly, this left the insurer no defense on the question of waiver. We conceded that the charge correctly stated the general rule, but held that under the facts in that particular case, notice to the agent was not constructive notice to the company, under an exception to the rule stated in the course of the opinion, and that the charge was error.

The material difference is that in this case the application was accepted, the policy issued, the premium was retained, and the interest of the agent in his commission was fixed and absolute.

We think the facts shown by the allegations of the petition bring the case at bar more in line with our decision in the case of Metropolitan Life Insurance Co. v. Williamson, 174 F. 116. In that case the insured did not pay the premium in cash, but gave his note for it. The agent had no authority to accept the note, but it was his custom to do so. We held that notwithstanding instruction to its agents not to take notes for first premiums, such rule, or like conditions in a policy, might be waived by the company, and the fact of waiver might be shown by either direct or circumstantial evidence. We reached the conclusion that the jury might have found that the company had knowledge or notice from the usual manner in which the agent did business.

The District Court was of the opinion that having set out the manner in which the premium was paid, which did not conform strictly to the provisions of the binding receipt, it was incumbent on the plaintiff to allege and prove waiver by the company.

The question of waiver is usually for the jury, to be determined from all the facts and circumstances of the case. For all we know it may have been the custom for appellee to permit its agents to do business in exactly the way the payment of the premium was handled in this case. The terms of the receipt were hardly sufficient to put the insurer on notice that the agent was exceeding his authority. It is elementary that credit may be extended for the payment of all or part of an insurance premium. 32 C. J. 1195, pars. 328, 329. The receipt contemplated the payment of part cash, and almost any one might be pardoned for thinking it unnecessary to give a note to secure the small sum of $16.35, in which the company had no real interest.

If the company received and retained the premium, with knowledge or notice of any irregularity in its payment, and thereafter issued the policy, in the absence of fraud affecting the risk, it was its duty to deliver it. It is doubtful that in such case delivery is necessary, but a constructive delivery of a policy may be made. Whether that has been done depends upon the intention of the parties as shown by all the facts and circumstances of the particular case. 32 C. J. 1125, par. 238. If the company received all of the premium it was entitled to and delivered the policy, any question arising as to the binding receipt would be at an end.

The mere fact that an insurance company retains the premium, or any part of it, after demand for payment on the policy, raises a strong presumption that any irregularity as to the issuance of the policy has been waived. If the contract was not perfected and the risk did not attach, the company would be bound to return the premium. The allegation that the company received the pre-

mium implies that it was retained, in the absence of denial of that fact, or the return of the premium, or at least a tender.

We do not think an allegation of waiver would add anything material to the petition, and that as a whole it states a cause of action.

Reversed and remanded for further proceedings not inconsistent with this opinion.