## MUTUAL LIFE INS. CO. OF NEW YORK v. LAMBERT et al.

District Court, W. D. Missouri, W. D. July 16, 1929.

No. 880.

Meservey, Michaels, Blackmar, Newkirk, & Eager, of Kansas City, Mo., for plaintiff.

Vane C. Thurlo, of Browning, Mo., Murrell & Murrell, of Kirksville, Mo., and Wright & Warrick, of Kansas City, Mo., for defendants.

REEVES, District Judge. This is a motion by plaintiff under equity rule 33 (28 USCA § 723) to test the sufficiency of an answer filed by the defendants.

By its bill the plaintiff seeks a cancellation of one of its policies of insurance in the sum of $5,000, with special benefits, issued upon the life of the defendant Everett W. Lambert, with the defendant Birdie M. Lambert named as beneficiary.

Said policy was dated January 21, 1927, and contained the usual clause which made it incontestable after one year from date of issue unless within said period insured should die, in which event the incontestable period was for two years.

Within one year after the issuance of the policy, and during the lifetime of the insured, plaintiff filed its bill in equity to cancel said policy upon the general ground that same had been obtained by misrepresentation and fraud. Such misrepresentation and fraud consisted, according to the allegations of the bill, of misstatements of fact and untruthful answers to plaintiff's soliciting agent and medical examiner.

The defendants answered the bill by admitting that the statements contained in the written application of the insured and the answers made to certain questions, propounded by the medical examiner, were in fact untrue and false, but the defendants seek to avoid the effect of such untrue statements and answers by alleging that correct statements and truthful answers were in fact actually made to plaintiff's soliciting agent and its medical examiner. They assert that the knowledge of said representatives of plaintiff became the knowledge of the plaintiff and that the policy was issued notwithstanding said misstatements of facts and untruthful answers con-

tained in the written application, with knowledge of their falsity by plaintiff.

The original application signed and submitted by the insured contained the general statement: "All questions to be answered by the person to be insured." It contained the further statement: "All the following statements and answers, and all those that the Insured makes to the Company's Medical Examiner, in continuation of this application, are true, and are offered to the Company as an inducement to issue the proposed policy. * * * The proposed policy shall not take effect unless and until delivered to and received by the Insured, the Beneficiary or by the person who herein agrees to pay the premiums, during the Insured's continuance in good health."

Said application contained the further provision: "This application is made at the instance and request of the undersigned, * * * who ratifies the representations, statements, answers and agreements contained in such application and in the statements to Medical Examiner."

It was specifically agreed in the original application "that no Agent or other person except the President, Vice-President, a Second Vice-President, or a Secretary of the Company has power on behalf of the Company to bind the Company by making any promise respecting benefits under any policy issued hereunder or accepting any representations or information not contained in this application, or to make, modify or discharge any contract of insurance, or to extend the time for payment of a premium, or to waive any lapse or forfeiture or any of the Company's rights or requirements."

The insured signed his statements to the medical examiner, with the following certificate: "I certify that each and all of the foregoing statements and answers were read by me and are fully and correctly recorded by the Medical Examiner."

It will be noted from the foregoing that while the defendants admitted the false statements and untrue answers of the insured, as embodied in the written application and the written statement to the medical examiner, yet they justify and seek to avoid cancellation of the policy by asserting that true statements and correct answers were in fact made to the soliciting agent and medical examiner.

For the purposes of this motion, the court will assume that the insured did in fact tell the truth to the plaintiff's soliciting agent and its medical examiner.

1. The object of a written application and the medical examination is to ascertain whether the applicant is in good health. It was specifically agreed that the insurance contract when entered into should not become effective unless delivered to the insured while in continuing good health.

Plaintiff was entitled to such information as would enable it to determine the advisability of issuing its policy. Its policy contained a provision that in case of death or disability no statement or misrepresentation should be interposed as a defense unless such statements or misrepresentations were embodied in the written application. It became doubly necessary therefore for the company not only to elicit all the information bearing on the questions of the applicant's health but to secure an agreement that all statements, contained in the application and the answers, returned in writing to the medical examiner should be true.

Moreover, it was not only the right of the plaintiff to insist upon this agreement but to require the applicant to certify to the truth of his statements and answers. To the end that this identical defense should not be made, the plaintiff required the insured to agree "that no Agent or other person except the President, Vice-President, a Second Vice-President, or a Secretary of the Company has power on behalf of the Company to bind the Company by making any promise respecting benefits under any policy issued hereunder or *accepting any representations or information not contained in this application.*"

The insured agreed in writing that the soliciting agent, to whom he says he made the true statement, and the medical examiner, to whom he says he made truthful answers, would be without authority to receive such representations and information unless same were inserted in his written application. The insured not only ratified "the representations, statements, answers and agreements contained in such application and in the statement to Medical Examiner," but he certified that he not only read the statements and answers made to the medical examiner but that same were true. The policy contract has a special provision limiting the authority of its soliciting agent and medical examiner in a case exactly like this.

It is also provided by the contract that "this policy and the application * * * constitute the entire contract."

■ The parties had a right to enter into the contract in question, and the defendants now seek to avoid the obligations of their agreement. They cannot do this under the law.

All the authorities dealing with a situation like this are one way. Ætna Life Ins. Co. v. Moore, 231 U. S. 543, loc. cit. 558 and 559, 34 S. Ct. 186, 58 L. Ed. 356; Ætna Life Insurance Co. v. Johnson (C. C. A.) 13 F.(2d) 824, loc. cit. 825; McConnell v. Southern State Life Ins. Co. (D. C.) 26 F.(2d) 499; New York Life Ins. Co. v. Fletcher, 117 U. S. 519, loc. cit. 529 and 530, 6 S. Ct. 837, 29 L. Ed. 934; Fidelity-Phenix Fire Ins. Co. v. Queen City Bus & Transfer Co. (C. C. A.) 3 F.(2d) 784, loc. cit. 786.

2. The authorities cited by defendants are not applicable, because in some cases there was no limitation upon the authority of the soliciting agent or medical examiner as in the instant case. In others all the facts were stated to the medical examiner and he merely put his interpretation upon said facts. In the instant case, there was no question of interpretation of facts, but admittedly the statements and answers contained in the insured's application were false and untrue.

3. The Missouri statutes relating to the subject of misrepresentations are inapplicable in this proceeding in equity. Said statutes are effective in cases where suits are brought upon life policies and where the defense is based upon misrepresentation in obtaining such policies.

As in the case of any contract, where fraud and deception has been practiced, the party imposed upon would have the right to cancel the contract upon the ground of such deception and fraud.

Plaintiff's motion to strike out the answer of defendants will be sustained. It is so ordered. The defendant will be. allowed 30 days to plead further.