[redacted]

## DODD v. ÆTNA LIFE INS. CO.

Circuit Court of Appeals, Sixth Circuit. November 13, 1929.

No. 5139.

[redacted]

[redacted]

R. E. King, of Memphis, Tenn. (Ewing, King & King and Church & Gannaway, all of Memphis, Tenn., on the brief), for appellant.

S. L. Ehrman, of Little Rock, Ark., and Elias Gates, of Memphis, Tenn. (Wilson, Gates & Armstrong, of Memphis, Tenn., and Owens & Ehrman, of Little Rock, Ark., on the brief), for appellee.

Before DENISON, MOORMAN and HICKS, Circuit Judges.

MOORMAN, Circuit Judge. This is a suit on a policy of insurance upon the life of Oscar Willie Dodd, a citizen and resident of Crittenden county, Arkansas. The insurance company is a Connecticut corporation, with its principal office in that state. Gordon H. Campbell was the general agent for the company at Little Rock, Ark., and R. G. Herbert was the local agent for Crittenden county, working under Campbell. Herbert delivered the policy to Dodd, without collecting the first premium or taking a note therefor. Dodd placed it in a bank, and thereafter, on the same day, met his death. The sole question is whether the policy was in force and effect at the time of Dodd's death. The trial court was of the opinion that it was not, and directed a verdict for the defendant.

The policy was issued upon an application containing a provision that the policy should not be effective until the first premium

was paid during the good health of the insured. This provision was also written in the policy. Appellant concedes that it is a valid and binding provision, MacKelvie v. Mutual Benefit Life Insurance Co. (C. C. A.) 287 F. 660; Ætna Life Insurance Co. v. Johnson (C. C. A.) 13 F.(2d) 824; but contends that it cannot defeat a recovery in this case, because there was a waiver of the payment for which it provided. She further contends that, upon the delivery of the policy to the local agent, the company charged him with the premium, and this was equivalent to payment within the meaning of the provision. Both of these contentions are based upon fact inferences, which appellant draws from the appellee's manner of dealing with its agents. We consider them together.

It has been held that, where a company is generally engaged in accepting promises to pay the first premium on policies containing cash payment provisions, the delivery of a policy pursuant to that practice makes it effective. It has also been decided that the charging of the premium to the agent by the company upon the forwarding of the policy to him, though the agent extends credit to the insured, is the equivalent of payment for the purpose of putting the policy in effect upon its delivery to the insured. Fidelity & Casualty Co. v. Willey (C. C. A.) 80 F. 497; Miller v. Life Insurance Co., 12 Wall. (79 U. S.) 285, 20 L. Ed. 398, but compare Pennsylvania Casualty Co. v. Bacon (C. C. A.) 133 F. 907; Bradley v. New York Life Insurance Co. (C. C. A.) 275 F. 657; Ætna Life Insurance Co. v. Johnson (C. C. A.) 13 F.(2d) 824.

The policy here in question was handled exclusively by the delivering agent. It is not claimed that he had any authority, in dealing with it, not generally conferred upon local agents. This authority was set out in the company's instructions, which forbade the delivery of a policy until the first premium had been paid. This meant, as otherwise shown in the instructions, payment in cash or the taking of notes. It meant, too, that agents were permitted to extend credit upon notes. The instructions provided, however, that the company would not be responsible for any notes that were taken; but if they were taken, and could not be collected, the policy might be returned for credit within a specified time, if accompanied by a release, and in that case the general agent would be charged with the cost of the insurance at short term rates for the time the policy was in effect.

It thus appears that payment of the first premium, either in cash or by note, was a condition precedent to the authority of an agent to deliver a policy and make it effective, and similarly that agents were not charged with or responsible for the premium, except when notes were taken. The company undoubtedly had the right to withhold from its agents any credit-giving authority; it also had the right to grant such authority upon conditions. The granting of it upon the condition that notes were taken did not give an agent the right to accept an oral promise. The fact that Agent Herbert did so in certain cases does not affect the question. There was no showing that the company approved or knew of that practice.

Nor is there any inconsistency between these restrictions on the authority and liability of agents and the action of the appellee with respect to the two other policies introduced in evidence. In one of them a note was taken, and in the other the agent said there was a note, but the insured said there was not, or at least he did not remember giving one. If it be true that there was none in that case, there is, nevertheless, no evidence tending to show that appellee knew a note was not taken or cash was not paid, and it cannot be charged with approving an unauthorized act of which it had no notice. In Smith v. Provident Savings Life Assurance Society, 65 F. 765 (6 C. C. A.), the instructions recognized the right of the agent to assume the payment of the premium and take the risk of collecting it from the policyholder, in which case the agent became liable to the company. They also recognized the indulgence by agents in that practice. That case, as well as Fidelity & Casualty Co. v. Willey and Miller v. Life Insurance Co., are clearly distinguished in Ætna Life Insurance Co. v. Johnson, supra, which latter case involved identically the same instructions as those in this case. We think it was rightly held in that case that the policy was unenforceable.

Judgment is affirmed.