## SCHMITT v. JOHN HANCOCK MUT. LIFE INS. CO. of Boston, Mass.

### No. 3976.

District Court, W. D. Wisconsin.

Oct. 12, 1939.

Leonard F. Schmitt, of Merrill, Wis., for plaintiff.

Clifford G. Mathys (of Olin & Butler), of Madison, Wis., for defendant.

STONE, District Judge.

The plaintiff in this action, the widow of Joseph W. Schmitt, deceased, seeks to recover from the defendant the sum of $15,-000 upon a life insurance policy issued to said deceased pursuant to his application dated July 23, 1937.

At the time the application was signed, Joseph W. Schmitt resided at La Salle, Illinois, where he was employed as a branch manager of the Standard Oil Company, earning $228 per month. The policy in question was delivered to him on August 6, 1937. Mr. Schmitt died on August 26, 1937, leaving him surviving the plaintiff and two children.

The annual premium was fixed in the application at $416.25, but was later changed, with the consent of the applicant, to $476.25. The application recited that no part of the premium was paid with the application. At the trial it was stipulated by counsel that no part of the premium of $476.25 was paid by applicant.

The application provided that the policy would become effective and in force as as of the date of the application and before the delivery of the policy, if the first premium was paid with the application and the application approved by the home office of defendant. It also provided that if payment of the premium was not made with the application, then the policy would not be in force until it had been delivered and received by the applicant and the first premium paid to the defendant, while the applicant was alive and in sound health; that delivery of the policy and payment of the premium should constitute an acceptance of the policy; that only the president, vice-president, secretary or assistant secretary could waive any of the terms of the policy or extend the time for payment of the premium.

On the day the application was signed, H. M. Cobleigh and Paul A. Wolf were agents of the Northwestern Mutual Life Insurance Company at La Salle, Illinois, and William Lateer of Peoria, Illinois, was the general agent of the defendant, John Hancock Life Insurance Company. Cobleigh and Wolf had no contract with the defendant, but operated under an oral brokerage agreement with Lateer, and by the terms thereof were to be paid a commission on any business forwarded by them to Lateer and accepted by the defendant. Pursuant to this brokerage arrangement, Cobleigh and Wolf obtained the application for the said policy. On August 6, 1937, Cobleigh and Wolf left the policy with the applicant, and were then advised by Schmitt that he would decide whether he wanted the $15,-000 policy, or a policy providing for a lesser amount. On August 9, 1937, Schmitt

returned the policy to the soliciting agents and informed them of his decision to take two $5,000 policies instead of the policy for $15,000; that he also desired that a change be made in the policy, naming the plaintiff and the children of the insured as beneficiaries.

When the policy was returned, Schmitt gave the agents his promissory note for the premiums on the two $5,000 policies, and received from them a receipt reading as follows:

"August 9 —37. Recd. of Jos. W. Schmitt policy No. 2997872 to be returned to Home Office to be changed to $10,000 and put into force as to that amount, the premium of $317.50 being paid by note.

"H. M. Cobleigh & P. A. Wolf, Agts.
"John Hancock Mutual Life Ins. Co."

Schmitt wrote the word "Important" on the face of the receipt. Undoubtedly he believed that the new policies were to be in force as of the date of the first policy, August 3, 1937, and retained this receipt as evidence of the transaction with Cobleigh and Wolf.

However, on August 12, 1937, when Cobleigh and Wolf were advised by the general agent Lateer that the defendant would not accept the applicant's note in payment of the premiums on the new policies, they returned the note to Schmitt with a written satisfaction and cancellation thereof reading as follows:

"La Salle, Ill. Aug. 12, 1937.

"Note dated Aug. 9, 1937 given to H. M. Cobleigh & P. A. Wolf for $317.50 has been satisfied and will be returned cancelled.

"H. M. Cobleigh
"P. A. Wolf."

On August 13, 1937, said Joseph W. Schmitt signed an amendment to the application for policy No. 2997872, which reads in part as follows: "I hereby certify that I have paid no premiums thereon nor have I given any consideration therefor and I desire two policies on the same plan to be dated August 3, 1937 for $5,000 each. The total premiums to be $317.50. I hereby agree that the policy issued under said application shall be at a special premium classification." No premiums were paid on the $5,000 policies before the death of said Joseph W. Schmitt.

■ Obviously Joseph W. Schmitt never agreed to accept the $15,000 policy. He had not paid the first premium and the defendant had not waived its payment. It is clear that the soliciting agents had no authority to waive payment of the premium on behalf of the company. The limited authority of the agents was plainly apparent to the applicant, as revealed in the amendment to the application, signed by him, in which he acknowledged that no premiums were paid or consideration given for the policy.

■ The provision of the policy that the contract of insurance shall not be in force unless the first premium is actually paid during the lifetime of the insured, is valid and must be enforced according to its terms. That provision is clear and unequivocal. Under the terms of the application, there could be no binding contract until the premium was paid or its payment waived by the defendant.

■ Apparently the deceased was of the belief that the policy was in force on and after August 3, 1937, and that his family was fully protected. Unfortunately it was not. The Court is bound by the agreement of the parties as disclosed by the application and the policy and has no right to make a new contract for the parties. The policy must be enforced according to its terms. MacKelvie v. Mutual Benefit Life Ins. Co., 2 Cir., 287 F. 660; Pennsylvania Casualty Co. v. Bacon, 2 Cir., 133 F. 907; New York Life Ins. Co. v. McMaster, 8 Cir., 87 F. 63; Massachusetts Mutual Life Ins. Co. v. National Bank of Commerce, 4 Cir., 95 F. 2d 797, 118 A.L.R. 1065.

The Court is satisfied from the evidence that there was no unconditional delivery of the policy to the insured; that there was no payment or waiver of payment of the first premium, and it follows that the policy was not in force on August 26, 1937, the date of the applicant's death.

The complaint will be dismissed without costs.

Defendant's counsel may submit proposed findings and conclusions of law in accordance with this memoranda opinion.